PRUITT, APPELLEE, *v.* JONES, APPELLANT.

[Cite as Pruitt v. Jones (1980), 62 Ohio St. 2d 237.]

(No. 79-1666—Decided May 28, 1980.)

*Ms. Sheila Tew,* for appellee.

*Mr. Anthony O. Calabrese, Jr.,* and *Mr. Jeff T. Zucco,* for appellant.

*Per Curiam.* The issue, as we view this cause, is whether the Court of Appeals erred when it summarily granted custody of an illegitimate child to the natural mother in a dispute with the natural father in a habeas corpus proceeding. The Court of Appeals' decision, issued prior to the legitimization order, took the fact of illegitimacy into account in finding appellee's right to present custody.

Judge Day, in his dissenting opinion, stated that no writ should be granted until there is first a determination as to the best interests of the child. We agree.

Over 100 years ago this court, in a habeas corpus action, opined as to what the overriding concern should be in a child

custody case. In *Gishwiler* v. *Dodez* (1855), 4 Ohio St. 615, we stated: "In such a controversy for the custody of a child incapable of electing for itself, the order of the court should be made with a single reference to its best interests." Further, we recently reaffirmed the "time-honored precedent in this state that the 'best interests' of the child are the primary consideration in questions of possession or custody of children." *In re Cunningham* (1979), 59 Ohio St. 2d 100, 105; see, also, *In re Hua* (1980), 62 Ohio St. 2d 227.

We are unable to discern any difference between the present case, dealing with an illegitimate child, and a case dealing with a legitimate child. In both types of cases, when the controversy is between the child's natural parents, our main concern remains with the best interests of the child. The necessary corollary to this concern is the need for determining the suitability of the parents. *Clark* v. *Bayer* (1877), 32 Ohio St. 299; *In re Perales* (1977), 52 Ohio St. 2d 89.

Thus, the judgment of the Court of Appeals is reversed and the cause remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.