BURNS, Appellant,

v.

DARNELL et al., Appellees.

[Cite as *Burns v. Darnell* (1995), 100 Ohio App.3d 419.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APF04–548.

Decided Jan. 26, 1995.

*Capital University Legal Clinic, Danny W. Bank* and *Joel R. Rovito,* for appellant.

*DeLibera, Lyons & Bibbo* and *Philip L. Allen,* for appellees, Janet Blake Darnell and Elijah Blake.

WHITESIDE, Presiding Judge.

Plaintiff, Jack A. Burns, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling his motion for visitation with his minor child filed in an action to determine the father and child relationship after the entry of a final judgment determining such father-child relationship to exist. Plaintiff has raised three assignments of error, as follows:

1. "The trial court's dismissal of appellant's motion for visitation is contrary to Section 3111.13(C) of the Ohio Revised Code."

2. "The trial court abused its discretion when it dismissed appellant's motion for visitation without conducting a hearing to determine if visitation is in the best interest of the child."

3. "The trial court's interpretation of R.C. 3111.13(C) of the Ohio Revised Code, requiring a separate proceeding to establish visitation, is in conflict with Rule 18(A) of the Ohio Rules of Civil Procedure."

The basic issue before the court is whether the father-plaintiff in an action pursuant to R.C. 3111.04 to determine a father and child relationship exists with a minor child, after the successful final determination in that case establishing the existence of the father-child relationship, is entitled as a matter of right to file a motion in that proceeding seeking visitation rights with such minor child. The trial court correctly found that plaintiff-appellant has no such right and denied his motion.

On May 12, 1992, plaintiff filed his complaint seeking a determination that he is the natural father of the minor child and also sought visitation. On August 16, 1993, an order was entered adopting a referee's report recommending a determination of the existence of the father-child relationship. Thereafter, on September 16, 1993, plaintiff filed the motion for visitation, which the trial court denied for the reason that the statute requires such an application to be made by filing a complaint and not by filing a motion in an adjudicated action.

At this point, all that plaintiff needed to do was file a complaint seeking visitation. Instead, he appealed to this court probably because he was not at that time a resident of Franklin County, and the child and mother were residents of Hancock County.

R.C. 3111.04(A) provides that:

"An action to determine the existence or nonexistence of the father and child relationship may be brought by the child or the child's personal representative, the child's mother or her personal representative [or] a man alleged or alleging himself to be the child's father * * *."

R.C. 3111.06(A) provides with respect to an action under R.C. 3111.04:

" * * * An action may be brought * * * in the juvenile court of the county in which the child, the child's mother, or the alleged father resides or is found * * *."

There is no provision in R.C. 3111.04 for a determination of visitation rights in an action under that section, although, if there be no jurisdiction or venue issue, any error in proceeding to determine visitation in such an action, rather than in a separate action, may not be prejudicial. However, here the trial court determined to follow the statute and require a separate action pursuant to R.C. 3111.13, which provides that:

"(A) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.

" * * *

"(C) The judgment or order may contain any other provision directed against the appropriate party to the proceeding, *concerning the duty of support,* the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child. The judgment or order shall direct the father to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement. *After entry of the judgment or order, the father may petition* that he be designated the residential parent and legal custodian of the child *or for visitation rights in a proceeding separate from any action to establish paternity.* * * *" (Emphasis added.)

■ Nothing could be clearer than the above-quoted and emphasized statutory language. Subsequent to the order establishing paternity, the father must file a separate complaint in a separate action if he wishes to seek visitation with the child. The trial court did not err in so holding and overruling the motion for visitation filed in the paternity proceedings a month after the entry of the order establishing paternity. Civ.R. 18(A) has no application to motions filed after final judgment in an action but pertains only to the joinder of existing claims in an action. Civ.R. 18(A) does not conflict with the provision of R.C. 3111.13 to the effect that a claim for visitation does not arise until judicial determination of the father-child relationship.

■ As to venue, it must be noted that the trial court overruled a motion for transfer to Hancock County, and no error is asserted herein with respect thereto, so that issue is not before us or determined herein. The trial court did not deny the motion because it was filed in the wrong county but, instead, because it was filed in the paternity action rather than by "petition" in a separate action, as required by R.C. 3111.13(C). The trial court did comment that plaintiff might be seeking visitation in the wrong county, but predicated denial upon the failure of plaintiff to file a separate action seeking visitation. Accordingly, none of plaintiff's assignments of error is well taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed. Costs are assessed against plaintiff.

*Judgment affirmed.*

PETREE, J., concurs.

HOLMES, J., dissents.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.