[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 97.]

PEGAN, APPELLANT, *v*. CRAWMER, APPELLEE.

[Cite as *Pegan v. Crawmer*, 1996-Ohio-419.]

*Petition for writ of habeas corpus seeking restoration of custody of minor child—*

*Writ denied, when.*

(No. 95-2569—Submitted June 4, 1996—Decided July 24, 1996.)

APPEAL from the Court of Appeals for Licking County, No. 94-CA-106.

—————————

{¶ 1} In February 1989, appellant, Stella M. Pegan, gave birth to a daughter, Candi. Pegan subsequently filed a paternity action against appellee, Ronald L. Crawmer, who acknowledged that he is Candi's natural father. In December 1990, the Licking County Court of Common Pleas, Juvenile Division, entered a judgment establishing Crawmer's paternity of Candi and ordering him to pay child support. The juvenile court further awarded custody of the minor child to Pegan and visitation rights to Crawmer. Effective January 1991, the General Assembly established the Licking County Court of Common Pleas, Domestic Relations Division, which possesses exclusive jurisdiction over, *inter alia*, parentage actions and postdecree proceedings arising in parentage actions in Licking County. R.C. 2301.03(S). The domestic relations court thus possessed continuing jurisdiction over the orders previously entered by the juvenile court in Pegan's paternity action.

{¶ 2} In October 1993, Candi was discovered wandering the streets after she had been left alone by Pegan with Pegan's two other minor children, Tekela and Daniel, who are younger than Candi. In February 1994, the Licking County Municipal Court convicted Pegan of theft in connection with a shoplifting incident. In March 1994, Tekela, then about two years old, was found wandering the neighborhood. A police officer observed that the child had dried fecal matter on her legs and dried green "nasal matter" coming from her nostrils, and looked as if

she had not bathed in several days. In October 1994, the municipal court convicted Pegan of child endangering in connection with the March 1994 incident.

{¶ 3} Meanwhile, Crawmer had filed a motion for change of custody in the Licking County Court of Common Pleas, Domestic Relations Division. The domestic relations court granted temporary custody of Candi to Crawmer, pending a hearing on the motion. At the October 1994 hearing on Crawmer's motion, Pegan moved to dismiss the motion for lack of jurisdiction because Crawmer had failed to attach an R.C. 3109.27 custody affidavit. On October 19, 1994, the domestic relations court granted Pegan's motion and dismissed Crawmer's motion. However, the court stayed the dismissal pending an appeal by Crawmer. During the stay, Pegan filed a complaint for a writ of habeas corpus in the Licking County Court of Appeals to restore custody of Candi to her.

{¶ 4} On October 20, 1994, just prior to filing his notice of appeal from the domestic relations court's October 19 dismissal entry, Crawmer filed a second motion for a change of custody, this time attaching an R.C. 3109.27 child custody affidavit indicating that he had no knowledge of any pending custody proceeding involving Candi in any other court. The domestic relations court immediately issued an *ex parte* order granting temporary custody of Candi to Crawmer pending a hearing on his second motion for change of custody.

{¶ 5} The court of appeals dismissed Pegan's habeas corpus complaint for failing to certify that a copy of it had been served on Crawmer. On appeal, we reversed and remanded the cause to the court of appeals to determine if the writ should be allowed and a return ordered. *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 653 N.E.2d 659. In the interim, the court of appeals affirmed the domestic relations court's dismissal of Crawmer's first motion for a change of custody. *Pegan v. Crawmer* (Apr. 13, 1995), Licking App. No. 94-CA-107, unreported, 1995 WL 434108. Thereafter, the domestic relations court proceeded to hold a

hearing on Crawmer's second change-of-custody motion and awarded custody of Candi to Crawmer. Pegan appealed the custody determination.

{¶ 6} On remand of Pegan's habeas corpus action, the court of appeals allowed the writ. Crawmer then filed a trial brief with attached exhibits. In November 1995, the court of appeals denied the writ of habeas corpus.

{¶ 7} The cause is now before this court upon an appeal as of right.

————————————

*Central Ohio Legal Aid Society, Inc.* and *Patricia L. Moore*, for appellant.

*Cindy Ripko*, for appellee.

*Price & Neel* and *Tyra L. Taylor,* guardian *ad litem*, urging affirmance for *amicus curiae*, Candi Pegan.

————————————

***Per Curiam.***

{¶ 8} Pegan asserts that the court of appeals erred in denying the writ of habeas corpus. The court of appeals determined that the domestic relations court retained continuing jurisdiction over the custody issues, that Pegan's appeal was pending before the court of appeals regarding the domestic relations court's custody award, and that Pegan had failed to demonstrate that she has no adequate remedy at law.

{¶ 9} A writ of habeas corpus lies in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. Habeas corpus relief is the exception rather than the general rule in child custody actions. *Barnebey v. Zschach* (1995), 71 Ohio St.3d 588, 646 N.E.2d 162. A writ of habeas corpus will ordinarily be denied where there is an adequate remedy in the ordinary course of the law. *In re Hunt* (1976), 46 Ohio St.2d 378, 75 O.O.2d 450, 348 N.E.2d 727, paragraph two of the syllabus; *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163,

165, 543 N.E.2d 776, 779.  Nevertheless, where a judgment is void due to lack of jurisdiction, habeas corpus is an appropriate remedy despite the availability of alternative remedies such as appeal.  *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284; *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus.

{¶ 10} In her first and second propositions of law, Pegan contends that the domestic relations court lacked continuing jurisdiction to grant custody of the parties' child to Crawmer when its predecessor juvenile court lacked jurisdiction to originally award custody and visitation concerning the child in the context of the paternity action instituted by Pegan.

{¶ 11} R.C. 3111.13(C) provides:

"*The judgment or order* [determining the existence or nonexistence of the parent and child relationship] *may contain any other provision directed against the appropriate party to the proceeding*, *concerning* the duty of support, the furnishing of bond or other security for the payment of the judgment, or *any other matter in the best interest of the child*.  \*\*\* After entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for visitation rights in a proceeding separate from any action to establish paternity.  \*\*\*"  (Emphasis added.)

{¶ 12} Pegan relies on *Burns v. Darnell* (1995), 100 Ohio App.3d 419, 654 N.E.2d 169, in which an appellate court held that there is no provision in the paternity statute for the determination of visitation rights and that a trial court does not err in requiring a father to seek visitation in a separate action rather than by postjudgment motion for visitation in the paternity proceeding.

{¶ 13} The *Burns* view is not shared by other appellate courts.  See, *e.g.*, *Hammon v. Hammon* (Apr. 12, 1991), Van Wert App. No. 15-90-14, unreported, 1991 WL 53747 (R.C. 3111.13[C] "does not mandate a separate proceeding [to determine visitation].  Instead, it grants permission to the father to petition for

visitation in a separate proceeding rather than doing so at the paternity hearing. The trial court may include provisions for visitation [in the paternity judgment] if it is 'in the best interest of the child.'"); *West v. Anderson* (Mar. 17, 1992), Franklin App. No. 91AP-1006, unreported, 1992 WL 55440 ("[T]he father may maintain a separate action, but [R.C. 3111.13(C)] does not preclude the parties from agreeing to litigate all issues in one action, including visitation.").

{¶ 14} In addition, *Burns* noted that "any error in proceeding to determine visitation in [a paternity] action, rather than in a separate action, may not be prejudicial." *Burns,* 100 Ohio App.3d at 421, 654 N.E.2d at 170; see, also, *West, supra* ("The legislature has vested the common pleas court with subject matter jurisdiction over visitation and, therefore, whether the actions are maintained separately or jointly is not an issue of non-waivable jurisdiction but, rather, one of venue, which is waivable."). *Burns* is also distinguishable from the instant case, since the trial court in *Burns* did not enter a visitation order in the original paternity determination.

{¶ 15} Pegan further relies on *In re Byard* (1996), 74 Ohio St.3d 294, 658 N.E.2d 735. In *Byard*, at the syllabus, we held that "Ohio's Uniform Reciprocal Enforcement of Support Act ['URESA'], R.C. Chapter 3115, does not confer subject matter jurisdiction over issues concerning child custody and visitation in an action for child support enforcement." In so holding, we noted that in a URESA action, the custodial parent requesting support enforcement has no notice that visitation and custody issues will be raised. *Id.*, 74 Ohio St.3d at 297, 658 N.E.2d at 738. Conversely, the record in this case, which does not include the pleadings or hearing in the 1990 paternity action, discloses no lack of notice concerning visitation and custody. In fact, the record before the court of appeals indicates no argument to that effect by Pegan. Further, the paternity action was governed by R.C. 3111.13(C), rather than the URESA provisions applicable in *Byard*. *Byard* is thus not controlling here.

**{¶ 16}** Pegan next contends that the domestic relations court lacked continuing jurisdiction, since the juvenile court did not have original jurisdiction to award custody and visitation where no party filed the child custody affidavit required by R.C. 3109.27 in the paternity action. R.C. 3109.27, part of Ohio's adoption of the Uniform Child Custody Jurisdiction Act, provides:

"(A) Each party in a parenting proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. In this pleading or affidavit, each party shall also include all of the following information:

"***

"(2) Whether the party has information of any parenting proceeding concerning the child pending in a court of this or any other state ***."

**{¶ 17}** Parenting proceedings include proceedings in which a court awards custody and visitation. R.C. 3109.21(B) and (C). The juvenile court's 1990 paternity determination included custody and visitation determinations. Consequently, R.C. 3109.27(A) required each party to file a child custody affidavit.

**{¶ 18}** "The requirement of R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action." *Pasqualone v. Pasqualone* (1980), 63 Ohio St.2d 96, 17 O.O.3d 58, 406 N.E.2d 1121, paragraph one of the syllabus. Pegan relies on *Pasqualone* to support her jurisdictional argument on appeal. However, she neither raised this issue nor introduced evidence below that no R.C. 3109.27 affidavit was filed in the paternity proceeding. The record does not include the pleadings filed in the paternity action.

6

{¶ 19} Based on the foregoing, the juvenile court possessed jurisdiction to make custody and visitation orders in its paternity judgment under R.C. 3111.13(C). Furthermore, the domestic relations court possessed continuing jurisdiction over the juvenile court's original custody award so that it could determine Crawmer's motion for change of custody. R.C. 3111.16 and 2301.03(S). Pegan had an adequate remedy by appeal to raise her contentions concerning any alleged failure to comply with R.C. 3111.13(C).

{¶ 20} Moreover, in order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child. 2 Child Custody and Visitation Law and Practice (1992) 7-7, Section 7.02[1]. In her complaint for habeas corpus relief, Pegan claimed entitlement to custody of Candi by virtue of the 1990 custody award in her paternity action. Therefore, assuming, *arguendo*, the validity of Pegan's contentions in her first and second propositions of law contesting the jurisdiction of the juvenile court, her same arguments would defeat the very judgment she seeks to enforce to establish her alleged superior legal right to custody. Any conclusion that the decisions relating to custody and visitation are void would result in neither Pegan nor Crawmer possessing a judicial order awarding custody, and the custody determination would simply be between Candi's natural parents.

{¶ 21} In such circumstances, the court would have to determine which custody award would be in the best interest of the child. See, *e.g., Pruitt v. Jones* (1980), 62 Ohio St.2d 237, 16 O.O.3d 276, 405 N.E.2d 276 (In a habeas corpus action to obtain custody of an illegitimate child in a controversy between the child's natural parents, a determination of the child's best interests is required.); 1 Antieau, The Practice of Extraordinary Remedies (1987) 113, Section 1.50 ("Whenever child custody is litigated in a habeas corpus action, the best interest of the child is the prime consideration."). The evidence in the record indicates that the child's

best interests will be served by Crawmer retaining custody. Candi's guardian *ad litem* concurs in this conclusion. Consequently, Pegan's first and second propositions of law are meritless and are overruled.

**{¶ 22}** In her third proposition of law, Pegan asserts that the domestic relations court could not exercise its continuing jurisdiction to modify custody based on Crawmer' second postjudgment motion for change of custody where he had appealed the dismissal of his first motion for change of custody. When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 15, 661 N.E.2d 170, 174. Here, the domestic relations court granted temporary custody to Crawmer pending a hearing on his second motion prior to the filing of his notice of appeal from the court's dismissal of his first motion. Further, the domestic relations court did not proceed with the hearing and custody determination on the second motion until *after* the court of appeals had resolved the appeal concerning the dismissal of his first motion. See *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 558, 653 N.E.2d 366, 371 (After appeal was dismissed, trial court had jurisdiction to rule on previously filed Civ.R. 60[B] motion.). Finally, Crawmer filed the child custody affidavit required by R.C. 3109.27(A) with his second motion for change of custody. The domestic relations court properly exercised its continuing jurisdiction. Pegan's third proposition of law is overruled.

**{¶ 23}** In conclusion, Pegan did not establish her right to extraordinary relief in habeas corpus. She possesses an adequate remedy via appeal of the domestic relations court's award of custody of Candi to Crawmer. In fact, she has an appeal from that judgment pending in the court of appeals. Based on the foregoing, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____