OPINION
Plaintiff Robin C. Hogle appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, which sustained the motion of defendant Nancy L. Hogle, n.k.a. Nancy L. Haley, brought pursuant to Civ. R. 60 (B) vacating the court's order of September 4, 1996 for the reason the earlier judgment was void ab initio. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SIGNING AN EX-PARTE JUDGMENT ENTRY NOT APPROVED BY ALL COUNSEL AND THE GUARDIAN AD LITEM
SECOND ASSIGNMENT OF ERROR
 PLAINTIFF-APPELLANT WAS DENIED PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
The record indicates these parties divorced in 1991, and appellee was designated the residential parent of the parties' minor child, Tonya. In September of 1996, appellant delivered to the court an agreed judgment entry executed by both parties, which named appellant the residential parent and legal custodian of the child. On October 18, 1996, appellee filed her motion to vacate the entry, attaching an affidavit which alleged appellant had secured her signature on the agreed entry by misrepresenting the significance of the document. Appellant also argued to the court it lacked jurisdiction over the issue because no motion to modify the allocation of parental rights and responsibilities was filed, and no parenting affidavit was filed pursuant to R.C. 3109.27. The court found no hearing was necessary in order to vacate a void order, and vacated the entry of September 6, 1996. The court found the original divorce decree was still in effect, and the court reaffirmed the order.
 I
R.C. 3109.27 provides in pertinent part:
 (A) Each party in a parenting proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. In this pleading or affidavit, each party also shall include all of the following information:
 (1) Whether the party has participated as a party, a witness, or in any other capacity in any other litigation, in this or any other state, that concerned the allocation, between the parents of the same child, of parental rights and responsibilities for the care of the child and the designation of the residential parent and legal custodian of the child or that otherwise concerned the custody of the same child;
 (2) Whether the party has information of any parenting proceeding concerning the child pending in a court of this or any other state;
 (3) Whether the party knows of any person who is not a party to the proceeding and has physical custody of the child or claims to be a parent of the child who is designated the residential parent and legal custodian of the child or to have visitation rights with respect to the child or to be a person other than a parent of the child who has custody or visitation rights with respect to the child;
 (4) Whether the party previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child or previously has been determined, in a case in which a child has been adjudicated an abuse child or a neglected child, to be the perpetrator of the abusive or neglected act that was the basis of the adjudication.
 (B) If the declaration under division (A)(1), (2), (3), or (4) of this section is in the affirmative, the court may require the declarant to give additional information under oath. The court may examine the parties under oath as to the details of the information furnished and as to other matters pertinent to the court's jurisdiction and the disposition of the case.
 (C) Each party has a continuing duty to inform the court of any parenting proceeding concerning the child in this or any other state of which the party obtained information during this proceeding.
In Pegan v. Crawmer (1996), 76 Ohio St.3d 97, the Ohio Supreme Court held R.C. 3109.27 requires each party to file a child custody affidavit and requires the parent to inform the court at the outset of the proceeding, of any knowledge the parent has of a custody proceeding pending in another jurisdiction. The court held this to be a mandatory jurisdictional requirement of the custody action, Pegan, at 101, citing Pasqualone v. Pasqualone
(1980), 63 Ohio St.2d 96.
In Pegan, the child's mother brought a petition for a writ of habeas corpus, arguing the domestic relations court had no jurisdiction to grant temporary custody of the child to his father. The procedural history of the Pegan case is tortuous to say the least, but the Supreme Court noted the court dismissed the father's first action for custody because of his failure to file a custody affidavit. The father appealed, and filed a second motion for change of custody, attaching the required affidavit. The domestic relations court then issued an ex parte order granting him temporary custody of the child pending a hearing on the second motion. The Supreme Court found the domestic relations court did not proceed on the hearing and custody determination of the second motion until after the court of appeals had resolved the appeal concerning the dismissal of the first motion. This, coupled with the filing of the child custody affidavit with the second motion vested the domestic relations court with jurisdiction over the motion, Pegan at 103.
Here, the parties filed child custody affidavits in the original action in 1991. The agreed entry was filed five years and eight months after the filing of the original custody affidavit. Although as appellant points out, ordinarily the original UCCJA affidavit filed with the divorce complaint invokes the continuing jurisdiction of the court for post-decree custody matters, see Harris v. Harris (July 5, 1990), Jefferson Appellate #89J-37, unreported, nevertheless, R.C. 3109.27 requires a party to notify the court of the past five year history of the child's life. Where the most recent affidavit is more than five years old, as here, the parties must file new affidavits in order to update the court's information, in compliance with the statute.
Appellee filed a parenting affidavit with her motion to vacate. That affidavit gives the court notice of the child's residential history and the fact that no other litigation is proceeding in any other jurisdiction. We find appellee's affidavit was sufficient to repair any deficiencies in the court's jurisdiction over the original agreed entry of September 4, 1996, and invoke the court's jurisdiction over the matter. We find this is analogous to the Supreme Court's findings in Pegan, supra.
We conclude the trial court erred in vacating the entry of September 4, 1996, for lack of jurisdiction. The trial court should have exercised its jurisdiction as invoked by the motion to vacate, and should have permitted appellee the opportunity to respond. The court should have then conducted a hearing on the motion to vacate, and proceeded to determine the best interest of the child in allocating the parental rights and obligations, instead of merely reaffirming its 1991 judgment which was, after all, rather stale.
The first assignment of error is sustained.
 II
Appellant next argues he was deprived of procedural and substitive due process of law because of the ineffective assistance of his counsel. In Lynch v. Lynch (January 15, 1993), Fairfield Appellate # 7-CA-92, unreported, this court found there is no constitutional right to counsel in a domestic relations matter. For this reason, assertions that an appellant received ineffective assistance of counsel are not grounds for reversal.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, is vacated, and the cause is remanded to that court with instructions to proceed in hearing evidence on the Civ. R. 60 (B) motion for relief from judgment, and to determine the best interest of the child with regards to which parent should be designated as residential parent and legal custodian.
By Gwin, J., Farmer, P.J., concur, Hoffman, J., concurs separately.