I respectfully concur in the majority opinion. However, unlike the majority, I do not find Pegan v. Crawmer (1996),76 Ohio St.3d 97, analogous to the case sub judice.
In Pegan, the Supreme Court held the trial court had jurisdiction to proceed upon the father's second motion for change of custody following the appellate court's resolution of his first action for custody. The requisite affidavit was filed with the father's second motion for change of custody and, therefore, compliance with R.C. 3109.27 occurred prior to adjudication on the merits of the second motion.
In contrast to Pegan, appellee's affidavit herein was filedafter the journalizing of the parties agreed judgment entry changing custody. In other words, the case was adjudicated prior to the filing of the affidavit as opposed to the affidavit being filed prior to the second adjudication as occurred in Pegan. As such, I find Pegan inapplicable to the issue at hand.
It is clear the affidavits required by R.C. 3109.27 were filed by the parties in the original pleadings in the divorce action. Accordingly, the trial court properly exercised its jurisdiction in determining custody in the parties' divorce in 1991. Once jurisdiction is properly vested, the trial court retains continuing jurisdiction over custody matters. The failure to file a new affidavit after a lapse of five (5) years may render any subsequent change of custody voidable, but not void ab initio. Such failure would be subject to direct appeal, but not subject to collateral attack via Civ. R. 60 (B). Furthermore, I find both parties should be estopped from asserting the failure to file an additional affidavit as error in light of the fact that both parties consented to the agreed judgment entry modifying custody and neither objected to its absence at that time.
Accordingly, I concur with the majority's decision to reverse the trial court's entry vacating the September 4, 1996 Agreed Judgment Entry. I further concur the trial court should proceed to hear appellee's motion to vacate regarding her allegation that her signature on the agreed judgment entry was procured by misrepresentation.
 _____________________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
CASE NO. 97-CA-09
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law. Costs to appellee.