OPINION
Petitioner-appellant Paul R. Smith appeals the November 12, 1997, and November 13, 1997 Judgment Entries of the Fairfield County Court of Common Pleas, Domestic Relations Division, which granted the motion to vacate of petitioner-appellee Janice L. Smith, nka Janice L. Raymond.
 STATEMENT OF THE FACTS AND CASE
Appellee and appellant were married on June 18, 1977. Two children were born as issue of the marriage: Jessica P. Smith (DOB 11/29/78) and Trevor A. Smith (DOB 3/26/81). On January 17, 1984, the parties filed a Petition for Dissolution, which included an Agreed Separation Agreement. After a hearing on February 21, 1984, the trial court dissolved the marriage. Pursuant to the Decree of Dissolution, appellee was named the residential parent of the two children and appellant was ordered to pay weekly child support.
On September 8, 1995, the parties jointly filed a Motion to Modify Custody and Child Support. This motion, which was filedpro se, embodies an agreement between the parties, changing the allocation of their rights and responsibilities with respect to the children. Specifically, Trevor would live and be in the custody of appellant and Jessica would remain in the custody of appellee. The parties further agreed neither one would pay the other child support. The agreement was made retrospective to October 31, 1994, which represents the day Trevor began residing with appellant. A parenting affidavit pursuant to R.C. 3109.27
was not filed with the motion. Both parties' notarized signatures appear on the motion.
No further action was taken on this case until 1997. On May 19, 1997, the Fairfield County Child Support Enforcement Agency filed a Report of Finding Re: Emancipation. The report found Jessica turned 18 years of age on November 29, 1996 and would graduate from high school on May 31, 1997. In response to the finding, the trial court ordered Jessica Smith emancipated on May 31, 1997. The order noted, "there is no current child support order." Thereafter, on August 25, 1997, the trial court filed aNunc Pro Tunc Entry, which ordered appellant to pay $216.67 per month, plus poundage, as child support for the one remaining minor child, Trevor.
On September 9, 1997, appellee filed a Post Decree Motion to Modify Allocation of Parental Rights and Responsibilities and Other Relief. A parenting affidavit pursuant to R.C. 3109.27 was filed with the motion. In the motion, appellee moved the court to "reinstate the prior order of this court which named her residential parent and legal custodian of Trevor Smith, born March 26, 1981, or in the alternative, to name her permanent residential parent and legal custodian of him." Although the trial court scheduled a hearing on the motion for November 6, 1997, on October 3, 1997, the court approved the parties' September 8, 1995 motion.
On November 10, 1997, appellee filed a Motion to Vacate the October 3, 1997 Entry. Via Judgment Entry dated November 12, 1997, the trial court vacated its October 3, 1997 Entry and reaffirmed the February 21, 1984 Decree of Dissolution regarding custody and child support. On November 13, 1997, the trial court filed a Nunc Pro Tunc Entry, which orders the Fairfield County Child Support Enforcement Agency to compute child support arrearage from the period of October 31, 1994, until the date of the Entry. The arrearage is in excess of $15,000, which includes approximately $5,000 in monies owing prior to October, 1994.
It is from the November 12, 1997, and November 13, 1997 Judgment Entries appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW VIOLATING APPELLANT'S RIGHTS TO DUE PROCESS AND RIGHTS UNDER CIVIL RULES BY GRANTING APPELLEE'S MOTION TO VACATE WITHOUT NOTICE OR HEARING.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN BY GRANTING APPELLEE'S MOTION TO VACATE IT FOUND THAT THE OCTOBER 3, 1997 ENTRY WAS VOID.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION TO VACATE WITHOUT APPELLEE HAVING MET THE REQUIREMENTS OF CIV. R. 60(B).
 II
Because we find appellant's second assignment of error to be dispositive of the instant appeal, we shall address said assignment first. In his second assignment of error, appellant maintains the trial court abused its discretion in granting appellee's motion to vacate based upon a finding that the October 3, 1997 Entry was void.
In her Brief to this Court and her Motion to Vacate, appellee maintains the trial court did not have subject matter jurisdiction and; therefore, the October 3, 1997 Entry was void ab initio. Appellee bases her assertion upon two grounds: 1) the lack of a waiver of service relative to the September 8, 1995 Motion to Modify Custody and Child Support; and 2) the absence of a parenting affidavit filed with said motion.
Initially, we turn to appellee's argument regarding the absence of a waiver of service. Appellant and appellee jointly filed the September 8, 1995 Motion to Modify Custody and Child Support. The motion contains the notarized signature of each party. Because the parties jointly filed the motion and appellee's notarized signature appears thereon, we find appellee is estopped from arguing the lack of waiver of service creates a deficiency in the trial court's jurisdiction.
We next address appellee's assertion the trial court lacked jurisdiction over the matter because a parenting affidavit pursuant to R.C. 3109.27 was not filed with the September 8, 1995 motion. In Pegan v. Crawmer (1996), 76 Ohio St.3d 97, the Ohio Supreme Court held the filing of a parenting affidavit pursuant to R.C. 3109.27 is a mandatory jurisdiction requirement of a custody action. Id. at 101 (Citation omitted). The Ohio Supreme Court found the trial court properly exercised its continuing jurisdiction over the custody matter at issue because 1) the trial court did not proceed upon the father's second motion for change of custody until after the appellate court resolved the appeal involving the dismissal of his first motion, and 2) the father filed the requisite parenting affidavit prior to the trial court's adjudication on the merits of his second motion. Id. at 103.Accord, Hogle v. Hogle (Mar. 2, 1998), Stark App. No. 97CA9, unreported (Filing of parenting affidavit with motion to vacate sufficient to repair any deficiencies in the trial court's jurisdiction.)
In the instant action, appellee filed a parenting affidavit with her September 9, 1997 Post Decree Motion to Modify Allocation of Parental Rights and Responsibilities and Other Relief. Because the requisite affidavit was filed with appellee's motion prior to the trial court's adjudication on the merits of the September 8, 1995 Joint Motion to Modify Custody and Child Support, we find the trial court properly exercised its continuing jurisdiction over the action when it entered the October 3, 1997 Entry. Accordingly, we find the trial court erred in granting appellee's motion to vacate based upon a finding the October 3, 1997 Entry was void.
Appellant's second assignment of error is sustained.
 I III
In light of our disposition of appellant's second assignment of error, we find appellant's first and third assignments of error to be moot.
The November 12, 1997, and November 13, 1997 Judgment Entries of the Fairfield County Court of Common Pleas, Domestic Relations Division, are reversed.
By: Hoffman, J. Farmer, P.J. and Gwin, J. concur
For the reasons stated in our accompanying Memorandum-Opinion, the November 12, 1997 and November 13, 1997 Judgment Entries of the Fairfield County Court of Common Pleas, Domestic Relations Division, are reversed. Costs assessed to appellee.