OPINION
Plaintiff-appellant Lori Lee (Jasper) Davis appeals the March 18, 1998 Judgment Entry of the Muskingum County Juvenile Court granting custody of Adam M. Ross (DOB 8/2/90) to defendant-appellee James Allen Ross.
 STATEMENT OF THE CASE
Following legitimization proceedings wherein appellee was established to be the father of Adam, the trial court filed an Agreed Judgment Entry on July 15, 1991, setting appellee's child support obligations and establishing appellee's visitation rights with Adam.
On June 25, 1997, appellant filed a motion for permission to remove the child from Ohio to Arizona and for reallocation of the dependency exemption. Pending hearing, appellant was permitted to take the child to Arizona where she and the child resided at the time of the hearing on October 28, 1997.
At the hearing, following appellant's presentation of evidence, appellee moved for a directed verdict. The magistrate stated appellee's motion for directed verdict would be treated as a motion for change of custody. Appellee presented additional evidence. Appellant made no objection to the hearing continuing as a motion for change of custody. Following hearing, the magistrate issued his decision on January 22, 1998, granting appellee custody of Adam and designating him as the residential parent and legal custodian. The trial court approved the magistrate's decision the same day. Appellant filed objections to the magistrate's decision which the trial court rejected via Judgment Entry filed March 18, 1998. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS OF LAW BY ENTERTAINING AN ORAL MOTION FOR CHANGE OF CUSTODY MIDWAY IN A HEARING ON APPELLANT'S MOTION FOR PERMISSION TO CHANGE THE MINOR'S RESIDENCE ABSENT TIMELY NOTICE AND SERVICE OF MOTION.
 THE TRIAL COURT ERRED PURSUANT TO JUVENILE RULE 13(E), 18 AND 19 AND CIVIL RULE 6(D) BY HEARING APPELLEE'S UNTIMELY MOTION FOR CHANGE OF CUSTODY.
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING A "CHANGE OF CIRCUMSTANCES" EXISTS BY THE APPELLANT AND HER HUSBAND MOVING TO THE STATE OF ARIZONA. (FINDING OF FACT NO. 6)
 THE TRIAL COURT DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT INSUFFICIENT EVIDENCE WAS PRESENTED PURSUANT TO REVISED CODE 3109.04 TO EFFECT THE MODIFICATION OF CUSTODY.
We will not address the merits of any of appellant's arguments.
Upon our review of the record, we find neither appellee nor appellant has ever filed the affidavit required by R.C.3109.27.[1] In Pegan v. Crawmer (1996), 76 Ohio St.3d 97, the Ohio Supreme Court held the affidavit required under R.C. 3109.27
is a mandatory jurisdictional requirement of a custody action.Id. at 101, citing Pasqualone v. Pasqualone (1980),63 Ohio St.2d 96.
In the absence of the requisite affidavit, we conclude the trial court lacked jurisdiction to enter its parenting determination.
Accordingly, we reverse the trial court's January 22, 1998 and March 18, 1998 judgment entries.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the January 22, 1998 and March 18, 1998 judgment entries of the Muskingum County Juvenile Court are reversed. Costs assessed to appellee.
[1] The Affidavit in Support filed with appellant's motion for permission to remove the child from Ohio does not comply with the requirements of R.C. 3109.27.