OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, Appellant's brief and Appellant's oral argument before this court. Appellee did not file a brief in this matter. Appellant Rhonda Best appeals the decision of the Jefferson County Court of Common Pleas, Juvenile Division granting visitation to the minor child's father, Appellee Jonathan Scheel. Rhonda challenges this decision based upon the trial court's alleged failure to first hold a hearing on the matter and its subsequent failure to make the requisite best interest finding on the record.
 {¶ 2} It can be gleaned from the scant record before us that no hearing was conducted by the trial court with regard to Scheel's visitation with the minor child. More importantly, the derisory record indicates that the trial court failed to make a best interest determination when it granted visitation to Scheel. Accordingly, the decision of the trial court is reversed and this case is remanded to the trial court to hold a hearing and provide this court with some form of reviewable record.
 Facts {¶ 3} On December 19, 2001, an administrative order of child support was issued by the juvenile court based upon the filing of an acknowledgement of paternity by the child's father, Jonathan Scheel. No other action regarding custody or care of the child was taken by either parent until June 26, 2003. At that time, Scheel petitioned the juvenile court for parenting time based upon his acknowledgement of paternity and the fact that he is currently paying child support. In that petition, Scheel requested that he be granted parenting time that deviates from the standard guidelines and that coincides with his days off.
 {¶ 4} On that same day, a summons and complaint was sent to Best informing her that she had 28 days to file an answer. It further stated that if she failed to appear and defend, judgment of default would be entered against her for the relief demanded. Then, on July 10, 2003, a notice of hearing was sent to the parties indicating that a hearing would be held on August 14, 2003.
 {¶ 5} The next entry on the juvenile court's docket was a judgment entry that reads:
 {¶ 6} "Pursuant to a phone call by the Magistrate on Wednesday, August 13, 2003, it is recommended that the Plaintiff, Jonathan Scheel, is hereby granted parenting time in as per his complaint for parenting time and to coincide with his days off. Said recommendation is in accordance with Ohio Revised Code § 31109.08. Therefore it is the order of this Court that the Plaintiff, Jonathan Scheel, shall have parenting time to coincide with his days off."
 {¶ 7} It is from that judgment entry that Best now appeals.
 Standard of Review {¶ 8} For the sake of clarity, Best's last two of her five assignments of error will be dealt with first since they are not dispositive of the outcome of this appeal.
 {¶ 9} Best's fourth assignment of error asserts:
 {¶ 10} "The trial court improperly considered parenting time issues in a paternity action contrary to law."
 {¶ 11} In support of this assignment, all Best cites to isBurns v. Darnell (1995), 100 Ohio App.3d 419, 422. Although this case does seem to support Best's contention that a separate action must be filed after paternity has been established,Burns was explicitly overruled by the Supreme Court in Peganv. Crawmer, 76 Ohio St.3d 97, 1996-Ohio-419.
 {¶ 12} In coming to its conclusion that a juvenile court may determine visitation rights in a parentage action, the Pegan
court referenced R.C. 3111.13(C), which provides:
 {¶ 13} "The judgment or order [determining the existence or nonexistence of the parent and child relationship] may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child. * * * After entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for visitation rights in a proceeding separate from any action to establish paternity. * * *" {¶ 14} The Pegan court explained that this statute does not mandate a separate proceeding to determine visitation. Instead, it grants permission to the father to petition for visitation in a separate proceeding rather than doing so at the paternity hearing. The Pegan court further clarified that although the father may maintain a separate action, R.C. 3111.13(C) does not preclude the parties from agreeing to litigate all issues in one action, including visitation. In light of the Supreme Court's decision in Pegan,
Best's fourth assignment of error is meritless.
 {¶ 15} Best's fifth assignment of error asserts:
 {¶ 16} "The trial court erred as a matter of law by issuing Ms. Best an inadequate and misleading summons."
 {¶ 17} With this assignment of error, Best maintains that, not only was the summons deficient, it contained erroneous information. She explains that, pursuant to Juvenile Rule 15, the summons should have informed her 1) that indigent persons have a right to counsel in juvenile court; 2) that she was to appear at a certain date and time; 3) that she could lose valuable rights or sanctions could be imposed if she failed to appear; and, 4) should have informed her of the name and number of the employee to contact to arrange for counsel as an indigent person. She further claims that the summons was misleading since it described what would happen if she defaulted on the complaint.
 {¶ 18} What Best fails to provide in her brief is an explanation as to how she was prejudiced in any way by the summons' alleged inadequacies. She herself claims that she was present at the scheduled time of the hearing and there is no indication in the record that she is an indigent person. Furthermore, Best failed to raise this alleged error at the trial level. Accordingly, she has waived this argument on appeal, deeming this assignment of error meritless.
 {¶ 19} Finally, Best's three remaining assignments of error, which will be addressed together, assert:
 {¶ 20} "The trial court contrary to law failed to hold a hearing in order to determine Appellee's parenting time."
 {¶ 21} "The trial court's issuance of a parenting time decision without consideration of best interest factors is contrary to law and unsupported by any evidence."
 {¶ 22} "The trial court improperly based its decision upon ex parte communications."
 {¶ 23} Although there is no clear indication in the trial court record whether a hearing was actually held or evidence was ever heard, there is a letter in the appellate record from the court reporter's office addressed to Attorney Robert Johns explaining that no hearing involving this case was held on August 14, 2003. Seemingly, this letter was sent in response to Attorney John's request that transcripts be made of the proceedings, or in the alternative, a statement be made pursuant to App. R. 9(C).
 {¶ 24} We find it apparent from this letter, read in conjunction with the language used by the trial court in its judgment entry, that no hearing was held. We acknowledge that an appellate court will usually not presume that a trial court erred without that error being clearly demonstrated by the trial court record provided on appeal. However, this is a truly unique situation where the combined trial and appellate records serve to conclusively demonstrate the error.
 {¶ 25} With that being said, we conclude that the trial court abused its discretion by arriving at a decision without evidence or testimony being taken since the statutes relevant to this case, R.C. 3119.08, 3109.12 and 3109.051, require certain factors be considered and a best interest determination to be made. More specifically, R.C. 3119.08, the statutory provision dealing with regular, holiday, vacation, parenting time and special visitation states:
 {¶ 26} "Whenever a court issues a child support order, it shall include in the order specific provisions for regular, holiday, vacation, parenting time, and special visitation in accordance with section 3109.051, 3109.11, or 3109.12 of the Revised Code or in accordance with any other applicable section of the Revised Code."
 {¶ 27} The statute section applicable to this situation, R.C.3109.12, provides:
 {¶ 28} "(A) If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child. If a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code or has been determined in an action under Chapter 3111 of the Revised Code to be the father of the child, the father may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him reasonable parenting time rights with the child and the parents of the father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child.
 {¶ 29} "(B) The court may grant the parenting time rights or companionship or visitation rights requested under division (A) of this section, if it determines that the granting of the parenting time rights or companionship or visitation rights is in the best interest of the child. In determining whether to grant reasonable parenting time rights or reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code. Divisions (C), (K), and (L) of section 3109.051 of the Revised Code apply to the determination of reasonable parenting time rights or reasonable companionship or visitation rights under this section and to any order granting any such rights that is issued under this section." Id.
 {¶ 30} Notably, in Oliver v. Feldner (Jan. 25, 2001), 7th Dist. No. 271, this court dealt with the application of these statutes in a similar situation involving a parentage action and subsequent determination of visitation. In Oliver, this court determined that the trial court failed to articulate specific findings to support its determination that visitation would be in the best interest of the minor child in either its judgment entry or in its "brief colloquy" at the conclusion of the hearing on the appellees' complaint. In addition, this court found that the trial court did not indicate which factors in R.C. 3109.051(D) it considered when reaching its decision. Because the trial court's decision in Oliver was not supported by any analysis or findings of fact, this court explained that it was unable to assess what efforts the trial court took to assure that all relevant factors in R.C. 3109.051(D) were weighed and considered. Accordingly, this court remanded the case in part for further proceedings on the visitation issue.
 {¶ 31} Likewise, in the present case, there is no indication in the record before this court of precisely what the trial court took into consideration when granting Scheel's request. In the judgment entry signed by and presumably prepared by Scheel's counsel, the trial court states that its decision to allow for parenting time would be in accordance with R.C. 3119.08. However, the entry fails to note what factors, if any, were considered in making its determination. More importantly, the trial court fails to mention that its decision is in the best interest of the child.
 {¶ 32} Pursuant to our decision in Oliver, we find the record before this court to be wholly insufficient and Appellant's three remaining assignments of error are meritorious.
 {¶ 33} According, the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
Vukovich, J., concurs.