OPINION
{¶ 1} Appellants Sheila Hickman and Jerry Davenport appeal the December 17, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which dismissed the custody matter involving the minor child, Skye Kaylyn Murphy (DOB 10/5/95). Appellee is Michelle Lynne Murphy.[1]
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 4, 2002, appellants, the maternal aunt and uncle of Skye Murphy, filed a Complaint for Change of Custody in the Stark County Court of Common Pleas, Juvenile Division. Appellants sought this change in custody due to the failing health of Skye's natural mother, appellee. Appellee filed an affidavit expressing her voluntary and knowing consent to the change of custody. The trial court scheduled a hearing on the complaint for December 3, 2002. Skye's natural father was unknown and notice of the hearing was published in the local newspaper.
 {¶ 3} The matter came on for hearing before the magistrate on December 3, 2002. No individual purporting to be Skye's father appeared. Via Magistrate Decision filed December 5, 2002, the magistrate recommended custody of Skye be granted to appellants. Via Judgment Entry filed December 10, 2002, the trial court ordered the change of custody to appellants, and further ordered appellee be given reasonable visitation. Also on December 10, 2002, appellants filed a UCCJA pursuant to R.C. 3109.27.
 {¶ 4} Skye had lived with appellants for a period of time prior to the filing of the complaint for change in custody. Sometime after the filing thereof, appellee also moved into appellants' home. Appellee moved out of appellants' home sometime in late October, 2003, or early November, 2003.
 {¶ 5} On November 19, 2003, Barbara and David Hickman, the maternal aunt and uncle of appellant Sheila Hickman and appellee, filed a Motion for Change of Custody, alleging appellants were unfit legal custodians for Skye. Specifically, the Hickmans stated appellant Jerry Davenport had assaulted appellee in the presence of Skye. Further, appellants had failed to provide reasonable visitation between appellee and Skye. The Hickmans further noted appellants continually dissuaded Skye from maintaining a relationship with appellee. The Hickmans filed a UCCJA with their motion.
 {¶ 6} The trial court scheduled a hearing on the motion for December 17, 2002. The hearing centered around resolution of visitation between Skye and appellee over the course of the Christmas holidays. The parties reached an agreement, which was placed on the record. The trial court advised the parties it would reschedule the hearing on the motion for change of custody. Via Judgment Entry filed December 18, 2003, the trial court sua sponte dismissed the matter without prejudice "due to a lack of a UCCJA being filed in this matter with the initial pleading which may affect the jurisdiction of this court."
 {¶ 7} It is from this judgment entry appellants appeal, raising the following assignment of error:
 {¶ 8} "I. The trial court erred in dismissing the case sua sponte due to the timeliness of the filing of the uniform child custody jurisdiction affidavit pursuant to Ohio revised code section 3109.27 where no jurisdictional question existed."
 I {¶ 9} Herein, appellants maintain the trial court erred in sua sponte dismissing the case on the ground the UCCJA was untimely filed. We agree.
 {¶ 10} R.C. 3109.27, which is part of Ohio's adoption of the Uniform Child Custody Jurisdiction Act, provides:
 {¶ 11} "(A) Each party in a parenting proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. In this pleading or affidavit, each party shall also include all of the following information:
 {¶ 12} "(1) Whether the party has participated as a party, a witness, or in any other capacity in any other litigation, in this or any other state, that concerned the allocation, between the parents of the same child, of parental rights and responsibilities for the care of the child and the designation of the residential parent and legal custodian of the child or that otherwise concerned the custody of the same child;
 {¶ 13} "(2) Whether the party has information of any parenting proceeding concerning the child pending in a court of this or any other state;
 {¶ 14} "(3) Whether the party knows of any person who is not a party to the proceeding and has physical custody of the child or claims to be a parent of the child who is designated the residential parent and legal custodian of the child or to have parenting time rights with respect to the child or to be a person other than a parent of the child who has custody or visitation rights with respect to the child; * * *"
 {¶ 15} In Pegan v. Crawmer (1996), 76 Ohio St.3d 97, the Ohio Supreme Court held the filing of a parenting affidavit pursuant to R.C. 3109.27 is a mandatory jurisdiction requirement of a custody action. Id. at 101. (Citation omitted). However, the Ohio Supreme Court found the trial court properly exercised its continuing jurisdiction over the custody matter at issue despite the fact the father did not file the requisite parenting affidavit with his initial pleading because the father filed said affidavit prior to the trial court's adjudication on the merits of a subsequent motion. Id. at 103. Accord, Hogle v. Hogle
(Mar. 2, 1998), Stark App. No. 97CA9, unreported (filing of parenting affidavit with motion to vacate sufficient to repair any deficiencies in the trial court's jurisdiction.)
 {¶ 16} Because the requisite affidavit was filed prior to the trial court's adjudication on the merits of the October 4, 2002 Complaint for Change of Custody, we find the trial court erred in sua sponte dismissing the matter for lack of jurisdiction.
 {¶ 17} Appellants' sole assignment of error is sustained.
 {¶ 18} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and the matter remanded for further proceedings consistent with this opinion and the law. Costs waived.
[1] Appellee has not filed a brief in this Court.