[Cite as *May-Dillard v. State*, 2018-Ohio-4571.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| MAURICE A. MAY-DILLARD, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2018-A-0044** |
| STATE OF OHIO, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment:  Petition dismissed.

*Maurice A. May-Dillard,* pro se, PID: A301-181, Lake Erie Correctional Institution, 201 Thompson Road, P.O. Box 8000, Conneaut, OH  44030 (Petitioner).

*Mike DeWine,* Ohio Attorney General, and *Sarah Pierce,* Assistant Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH  43215 (For Respondent).

PER CURIAM.

{¶1}    Petitioner, Maurice A. May-Dillard, has filed a petition for habeas corpus relief.  Although it is difficult to determine the nature of his arguments, he appears to argue the proceedings leading to his commitment were so illegal he is entitled to immediate release.

{¶2}    A writ of habeas corpus is an extraordinary remedy and therefore is available only "'where there is an unlawful restraint of a person's liberty and there is no

adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman–Cooper,* 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996).

{¶3} Initially, R.C. 2725.04(D) requires a habeas corpus petitioner to include "[a] copy of the commitment or cause of detention * * * if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." *Id.* Petitioner asserts he is entitled to release from convictions in Warren County and Cuyahoga County. He only provides case numbers and fails to set forth the nature of the cases. The Supreme Court has held failure to attach commitment papers renders a petition fundamentally and fatally defective. *Bloss v. Rogers*, 65 Ohio St.3d 145 (1992). In *Bloss*, the Court observed: "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss*, *supra*, at 146. On this basis alone, the petition must be dismissed.

{¶4} Additionally, our research reveals petitioner has previously filed a petition for writ of habeas corpus in the Eighth District Court of Appeals in which he contested the lawfulness of his convictions in the Cuyahoga County cases. In *May-Dillard v. State*, 8th Dist. Cuyahoga No. 105064, 2017-Ohio-194, the court dismissed the petition on both procedural and substantive grounds. In doing so, the court acknowledged an additional conviction, which our research demonstrates was a Warren County conviction, that petitioner had not contested in the Eighth District case. *Id.* at ¶2. The Supreme Court of Ohio has held that res judicata is applicable to successive petitions

2

for habeas corpus. *Hudlin v. Alexander*, 63 Ohio St.3d 153, 156 (1992). Because petitioner has previously filed a petition for habeas corpus contesting the lawfulness of the Cuyahoga County cases, and could have contested the validity of his confinement in the Warren County cases in that petition but did not, the instant petition is barred by res judicata. For this additional reason, the petition must be dismissed.

{¶5} For the above reasons, the petition for habeas corpus is dismissed and all pending motions are overruled as moot.

THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur.