[Cite as *King v. Black*, 2024-Ohio-1917.]

STATE OF OHIO            )
                         )ss:
COUNTY OF LORAIN         )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

ROY KING, III

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.    24CA012076

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 20, 2024

PER CURIAM.

{¶1} Roy King petitioned this Court for a writ of habeas corpus to compel Respondent, Jennifer Black, to release him from custody. Warden Black moved to dismiss. For the following reasons, this Court grants the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed it in this way, it appears beyond doubt that the petitioner can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3} According to Mr. King's petition, he served a sentence based on a conviction from Hamilton County. He was released and ordered to serve three years of postrelease control. Mr.

King was alleged to have violated the terms of his postrelease control and taken into custody by the Adult Parole Authority. Following a hearing, he received a sanction and was returned to prison.

{¶4} Mr. King filed this petition seeking his immediate release from custody. The petition sets forth nine grounds for relief. All of the arguments focus on Mr. King's allegations that a parole officer and a police officer violated his constitutional rights by conducting an unlawful search, an unlawful seizure, and providing perjured testimony and fabricated evidence at the revocation hearing.

{¶5} Warden Black moved to dismiss pursuant to Civ.R. 12(B)(6). She argued that habeas corpus does not provide a remedy for the claims set forth in the petition. The Warden noted that habeas corpus provides a remedy only when the petitioner is entitled to immediate release from confinement and, she argued, that Mr. King would not be entitled to immediate release based on the petition's allegations. She also argued that mandamus would provide an alternative remedy that would prevent the grant of the writ of habeas corpus.

{¶6} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If the petition fails to state a claim, this Court should dismiss it. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. King must demonstrate that there is an unlawful restraint of his liberty and that he is entitled to immediate release from confinement. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996); *Plaza v. Black*, Slip Opinion No. 2024-Ohio-853, ¶ 4.

{¶7} Mr. King has alleged through his petition that he is being held unlawfully because of police misconduct from his arrest through the revocation hearing. As noted above, to dismiss a petition under Civ.R. 12(B)(6), it must appear beyond doubt from the petition, after all factual

allegations are presumed true and all reasonable inferences are made in favor of Mr. King, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996); *Plaza*, 2024-Ohio-853, ¶ 4.

{¶8} The Ohio Supreme Court recently addressed an argument like Mr. King's in *Plaza v. Black*, Slip Opinion No. 2024-Ohio-853. In *Plaza*, "the crux of each of [the habeas corpus petitioner's] arguments is that the manner in which the parole-revocation procedures were conducted violated his right to due process." *Id.* at ¶ 10. The Supreme Court recognized that, generally, the sole remedy for these kinds of violations is a writ of mandamus seeking to compel that Adult Parole Authority to conduct a second hearing. *Id.*

{¶9} Habeas corpus provides a remedy for due-process violations only in extreme circumstances involving unreasonable delay. *State ex rel. Ellison v. Black*, 165 Ohio St.3d 310, 2021-Ohio-3154, ¶ 13. The petition in this case does not allege an unreasonable delay in holding the revocation hearing.

{¶10} Habeas corpus does not provide a remedy for the due process violations alleged in the petition. Considering all of the allegations in Mr. King's petition as true, they are insufficient to warrant habeas corpus relief. The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. King.

{¶11} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.


BETTY SUTTON
FOR THE COURT


CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROY KING, Pro Se, Petitioner.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent.