[Cite as *Wren v. Tutolo*, 2013-Ohio-995.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES WREN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3104** |
| SARAH TUTOLO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 11CU000302.

Judgment: Affirmed.

*Edward T. Brice*, Newman & Brice, L.P.A., 214 East Park Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*James R. O'Leary*, Baker, Hackenberg & Hennig, 77 North St. Clair Street, Suite 100, Painesville, OH 44077 (For Defendant-Appellant).

*Kerry B. Allenby*, 352 Claridon Road, Chardon, OH 44024 (Guardian ad litem).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Sarah Tutolo, appeals the judgment of the Geauga County Court of Common Pleas, Juvenile Division, clarifying a prior visitation order. For the following reasons, the judgment is affirmed.

{¶2} Ms. Tutolo and appellee, James Wren, had a son together, C.T., born June 20, 2011. On July 15, 2011, Mr. Wren filed a complaint seeking shared parenting

rights. On June 28, 2012, following trial, the court concluded shared parenting was not in the best interest of the child and granted Mr. Wren limited visitation rights, contingent upon his successful completion of "a multi-day toddler parenting class." Around August 13, 2012, Mr. Wren e-mailed the trial court. Though not part of the record, the contents of the e-mail were detailed by the trial court at a status hearing on August 22, 2012. In his e-mail, Mr. Wren explained that the mandatory toddler parenting class was, in fact, a 14-week program that had only just commenced August 7, 2012. Mr. Wren took exception to the 14-week duration of the class and also noted he was not given information concerning the class in a timely fashion.

{¶3} All parties were notified and were present at the August 22, 2012 status hearing. The trial court explained it had received an e-mail from Mr. Wren. The trial court read aloud portions of the email and clarified numerous facts. Ms. Tutolo argued the trial court's prior order was clear: Mr. Wren would be entitled to supervised visitation after completion of the class. However, the trial court explained it intended the course to be multi-day, not multi-month. Thus, the trial court explained that Mr. Wren's visitation rights would commence September 1, 2012, provided Mr. Wren continue to attend the course and provide evidence. In response, Ms. Tutolo raised concerns related to Mr. Wren's character; however, the trial court noted it had already reviewed those concerns during trial.

{¶4} In its August 31, 2012 judgment entry, the trial court clarified its prior order due to the length of the program and Mr. Wren's delayed receipt of the class information.

{¶5} Ms. Tutolo now appeals and asserts one assignment of error:

2

{¶6} "The trial court erred in granting the Plaintiff-Appellee's ex-parte motion to modify visitation based solely upon Plaintiff-Appellee's ex parte communication."

{¶7} In her first assignment of error, Ms. Tutolo argues Mr. Wren's e-mail, which she characterizes as an "ex-parte motion," failed to comport with any rules regarding service or notice, such as Civ.R. 5(A), which mandates service of pleadings upon an opposing party, and Civ.R. 11, which requires pleadings to be signed. Ms. Tutolo argues she was never served with a copy of the e-mail, was never put on notice concerning the issue of the status hearing, and never given an opportunity to file a motion in opposition. She also contends the matter should have been set for an evidentiary hearing. Conversely, Mr. Wren argues Ms. Tutolo and her counsel were not prejudiced by any alleged error as they were presented with the issues while in attendance at the hearing and given an opportunity to voice objections. Mr. Wren further points out that, when given an opportunity to object, Ms. Tutolo failed to raise any issues concerning service, notice, or the trial court's acceptance of the "motion."

{¶8} Ordinarily, we presume a trial court's order of visitation is correct and reverse only upon a showing of an abuse of discretion. *Guliano v. Guliano*, 11th Dist. No. 2010-T-0031, 2011-Ohio-6853, ¶40. Here, however, Ms. Tutolo argues the trial court erred as a matter of law in accepting a motion that failed to comport with the Civil and Local Rules. It is well founded that questions of law are reviewed de novo. *See, e.g., Haskett v. Haskett*, 11th Dist. No. 2011-L-155, 2013-Ohio-145, ¶17 ("[t]he application of a civil rule is a question of law, which we review de novo"). Thus, we proceed under a de novo standard of review.

{¶9} Here, although Ms. Tutolo argues she was prejudiced by the failure of service, she does not illustrate *how* she was prejudiced. We note Ms. Tutolo, represented by counsel, was indeed present at the status hearing, a record of which is before this court. It is evident that Ms. Tutolo was put on notice that correspondence had been initiated with the trial court. The trial court read the e-mail, clarified facts, and allowed Ms. Tutolo an opportunity to respond. When given an opportunity to respond, Ms. Tutolo raised her prior objections concerning Mr. Wren's character, including his criminal record—matters which the trial court explained it already addressed in formulating its original visitation order. The trial court noted it was not aware the parenting course was 14 weeks, and it was not its intention to delay Mr. Wren's visitation until November. During the hearing, Ms. Tutolo did not request a copy of the e-mail and did not contend the court accepted the e-mail in error.

{¶10} Further, Ms. Tutolo has not appealed or raised as error the trial court's grant of visitation. She has not argued the visitation is against the best interest of the child. She also has not argued the visitation terms are unreasonable. Instead, Ms. Tutolo argues only that the trial court erred in accepting Mr. Wren's "ex parte motion" without requiring service on the opposing party and setting a hearing on the matter without notice of its purpose. As a result of Mr. Wren's "motion," the trial court merely clarified the commencement date of Mr. Wren's visitation to the date the trial court had intended it to commence in the first place. As such, it does not even amount to a "modification" of the prior order, but simply a clarification.

{¶11} In addition, according to the record, the requisite parenting class was completed in November 2012. We cannot give back the visitation days exercised since

then nor can we remedy any future visitation when it has not been appealed. Essentially, at this juncture, no relief can be afforded because Mr. Wren's additional supervised visitation days have already been exercised. Had the trial court simply ignored Mr. Wren's email, the parties would be in the exact same position as they are now; Mr. Wren merely would have had to wait until November rather than September for his visitation rights to commence. In either case, Mr. Wren still had to complete the parenting course to be entitled to continuing visitation. As this court is unable to afford Ms. Tutolo any meaningful relief, her assignment of error is moot. *See generally Joys v. Univ. of Toledo*, 10th Dist. No. 96APE08-1040, 1997 Ohio App. LEXIS 1765 (April 29, 1997), ("[a] cause will become moot only when it becomes impossible for a tribunal to grant meaningful relief, even if it were to rule in favor of the party seeking relief").

{¶12} As an additional point, we are unable to comment on Ms. Tutolo's concerns about the propriety of the e-mail sent directly to the court apparently without certification of service as it is not part of the record. However, it is clear that if this was a concern, Ms. Tutolo was in a position to request a copy of this correspondence, but failed to do so. We cannot find any error as a result of the trial court failing to provide a copy of the email when Ms. Tutolo never asked for one.

{¶13} Accordingly, Ms. Tutolo's sole assignment of error is without merit.

{¶14} The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.