[Cite as *Reese v. Siwierka*, 2013-Ohio-2830.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| MATTHEW REESE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0053** |
| STACEY SIWIERKA, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Juvenile Division.
Case No. 2009 JPI 00011.

Judgment: Affirmed.

*Lyle Ray Jones*, P.O. Box 592, Medina, OH 44258 (For Plaintiff-Appellee).

*Eric R. Fink*, 217 North Water Street, Kent, OH 44240; and *Jill K. Fankhauser*, 231 South Chestnut Street, P.O. Box 489, Ravenna, OH 44266 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant Stacey Siwierka, appeals the judgment of the Portage County Court of Common Pleas, Juvenile Division, finding a change of circumstances that it was in the best interest of her minor child, G.R., born December 30, 2007, to have custody reallocated from appellant to G.R.'s father, Appellee Matthew Reese. For the following reasons, we affirm the decision of the court below.

{¶2} Appellant and appellee are the unmarried parents of G.R. After their relationship ended, the parties entered into an agreement, dated November 9, 2009,

whereby appellant was designated the legal custodian. On February 12, 2010, the parties entered into a subsequent agreement modifying appellee's visitation schedule due to his seasonal work schedule. This agreement again designated appellant as the residential parent and legal custodian of G.R. The agreement was modified on July 12, 2010, and May 2, 2011, allowing appellee to have extended companionship time with G.R.

{¶3} On August 26, 2011, appellant filed a notice of intent to relocate and a request for an out-of-state visitation order. A hearing was scheduled for October 5, 2011. On that date, appellee filed a motion to modify child support, custody, and parenting time. In his motion, appellee requested that he be named as the legal custodian and residential parent of G.R. The parties then reached an agreement modifying visitation time, and appellee withdrew his motion to modify custody. This agreement was read into the record on October 5, 2011. Appellee's attorney was to memorialize the agreement within 14 days.

{¶4} Prior to the agreement being journalized, appellee, through new counsel, filed a "motion for oral hearing on plaintiff's motion for custody/accord not reached/objections to magistrate's decision." Appellee noted that the parties had reached an agreement on parenting time; however, it was not in the best interest of G.R., and there had been a change in circumstances. Appellee attached an affidavit averring that he has had continuous parenting time with G.R. since May 2009; that at the October 5, 2011 hearing, he was told by his former attorney that if he did not take the "visitation/parenting agreement" he would only have standard out-of-state parenting; that he was nervous he would not have parenting time with G.R.; that he does not think

2

it is in G.R.'s best interest to move to Maryland; and that there is a change of circumstances because G.R. will be living six hours away.

{¶5} On October 17, 2011, appellee's previous counsel filed a motion to withdraw as counsel. The magistrate ordered that upon submission of the memorialized entry counsel agreed to prepare, the motion to withdraw would be considered.

{¶6} On October 24, 2011, the memorialized journal entry was filed with the court, and the motion to withdraw as counsel was granted.

{¶7} On October 27, 2011, appellee filed a motion to modify custody and objections to the magistrate's decision.

{¶8} The trial court held a hearing on appellee's "motion for oral hearing on plaintiff's motion for custody/accord not reached/objections to magistrate's decision." This hearing was held on November 1, 2011. In a November 2, 2011 decision, the magistrate decided that the joint agreement entered into in open court on October 5, 2011, is binding on the parties. The magistrate granted appellee leave to amend the motion to modify custody filed on October 27, 2011. The magistrate's decision was adopted by the trial court on the same day.

{¶9} Since appellee's objections to the magistrate's decision filed October 27, 2011, was still outstanding, appellant filed a motion for interim order on November 3, 2011. In that motion, appellant requested that the out-of-state visitation schedule be utilized. The trial court filed the interim order on November 7, 2011, terminating the parties' in-state visitation schedule and granting appellee out-of-state visitation rights.

{¶10} A hearing was held on December 7, 2011, on appellee's objections to the magistrate's decision of October 24, 2011, adopting the agreed settlement entry of the

3

parties and the magistrate's decision of November 2, 2011. In a December 9, 2011 entry, the trial court again determined the joint agreement of October 5, 2011, is binding on the parties. The trial court further modified the agreement to reflect that appellant shall be responsible for transporting G.R. to and from appellee's parenting time, and that once G.R. reached school age, appellee shall exercise visitation for extended summer months. The interim order of visitation was vacated and visitations were to be conducted in conformance with the magistrate's decision of October 24, 2011. Appellee filed an amended motion to modify parent rights and responsibilities on December 29, 2011. In his motion, appellee noted that "there are circumstances which were either unknown to the court or have occurred since original designation of custodial parent which give rise to change of circumstances and best interests, warranting modification."

{¶11} A hearing was held on March 28, 2012. The magistrate determined the following:

{¶12} [S]ince February 12, 2010, a change has occurred in the circumstances of [G.R.] and/or Mother. This finding of a change of circumstances is based not only upon the move out of state and the resulting impact on [G.R.'s] relationship with Father and all of [G.R.'s] relatives, but also upon Mother's conduct regarding Father's parenting time, including the deprivation of Father's parenting time and interference with telephone calls[.]

{¶13} Appellee was designated the residential parent and legal custodian of G.R. Further, appellant was entitled to parenting time with G.R. pursuant to the October

24, 2011 magistrate's decision, with the designation of the term "Mother" and "Father" being inverted.

**{¶14}** Neither the trial court nor this court granted appellant's request to stay. Thereafter, appellant filed a timely notice of appeal.

**{¶15}** As her first assignment of error, appellant alleges:

**{¶16}** "The Trial Court erred by finding a substantial change of circumstances had occurred in the child and/or Mother."

**{¶17}** At the outset, we note that a trial court has broad discretion in its determination of parental custody rights. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). A trial court's custody determination should not be disturbed unless it constitutes an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23 (1990). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶61-62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶18}** The Ohio Supreme Court has stated the following with regard to a reviewing court's duty of deference to the trial court when making a custody determination:

**{¶19}** The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In

5

this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. (Internal citation omitted.) *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988).

{¶20} Under this assigned error, appellant first maintains the trial court erred in selecting the date of February 12, 2010—the last time the court specifically named appellant as the residential parent and legal custodian of G.R.—as the "look back" date for determining whether a change of circumstances had occurred. Appellant argues that the trial court should have instead chosen the "look back" date of October 5, 2011—the date appellee filed a motion to reallocate custody of G.R. Further, appellant argues that this court has established precedent that the "look back" date can be any prior decree that substantially impacts the child's living arrangements.

{¶21} R.C. 3109.04(E)(1)(a), which addresses modification of a prior "decree," states:

{¶22} The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the

6

prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

**{¶23}** (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

**{¶24}** (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

**{¶25}** (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

**{¶26}** We find appellant's argument that the trial court should have utilized the October 5, 2011 judgment entry as the "look back" date to be without merit. That date only modified the parties' parenting-time rights. The Ohio Supreme Court has recognized that, although related, visitation and custody are "distinct legal concepts." "Custody" resides in the party or parties who have the right to ultimate legal and physical control over a child. "Visitation" resides in a noncustodial party and encompasses that party's right to visit the child." *Braatz v. Braatz*, 85 Ohio St.3d 40, 44 (1999), citing *In re Gibson*, 61 Ohio St.3d 168, 171 (1991).

**{¶27}** The plain language of R.C. 3109.04(E)(1)(a), governing whether a court may modify custody, states, in pertinent part, that "[t]he court shall not modify a prior decree *allocating parental rights and responsibilities for the care of children.*" "Parental rights and responsibilities" as defined by the Ohio Supreme Court is "'the right to

7

ultimate legal and physical control of a child.'" *Id.*, quoting *Gibson*, *supra*. Therefore, the trial court did not err in looking back to February 12, 2010, to determine whether a change of circumstances had occurred.

{¶28} Next, appellant argues that testimony at trial did not support a finding of a change in circumstances. However, based on our standard of review, we cannot say the trial court erred in finding a change of circumstances.

{¶29} A change in custody analysis normally creates a rebuttable presumption in favor of the custodial parent retaining custody unless the change is one that would have a "material and adverse effect upon the child." *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604-605 (7th Dist.2000).

{¶30} Therefore, it necessarily follows that the burden is on the party seeking a change in custody to demonstrate sufficient indicia of these three factors [change of circumstances, best interest of the child, and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child] to rebut this presumption and justify a modification. *Salisbury v. Salisbury*, 11th Dist. Nos. 2005-P-0010 & 2005-P-0084, 2006-Ohio-3543, ¶91.

{¶31} We note that a change in circumstances may include "a custodial parent's interference with visitation by a noncustodial parent" and "a breakdown in communication between the parents and their inability to communicate and cooperate." *Headley v. Headley*, 11th Dist. No. 99-A-0049, 2000 Ohio App. LEXIS 4556 (Sept. 29, 2000), *12; *Sypherd v. Sypherd*, 9th Dist. No. 25815, 2012-Ohio-2615, ¶20.

8

**{¶32}** The record is replete with instances, and the parties acknowledged, that they are unable to effectively communicate with each other. Further, appellant was found in contempt for her failure to provide appellee with Sunday parenting time on nine separate occasions, which she purged by providing appellee the opportunity for compensatory parenting time. Regardless of whether appellant purged herself of contempt, this conduct demonstrates that appellant, as the custodial parent, interfered with appellee's visitation. Further, the evidence at trial indicated that all of G.R.'s telephone calls with appellee are monitored and that appellant did not provide appellee access to G.R.'s medical records without court intervention. There also was evidence that G.R. was hesitant and resistant in interacting with appellee's family during their monthly gatherings.

**{¶33}** In her brief, appellant maintains that she would not have moved to Maryland if doing so would threaten her custody, companionship, and time with G.R. Appellant states that she did not move to Maryland until *after* the parties reached an agreement, which was approved by the trial court. Here, as evidenced by the trial court's judgment entry, appellant's move, standing alone, was not a change of circumstances. In its judgment entry, the trial court acknowledges that after appellant filed a notice of intent to relocate and requested modification of parental visitation, the parties subsequently reached an agreement with respect to parenting time. This agreement was approved by the trial court; however, appellee modified his change of custody motion after appellant moved with G.R., and the hearing explored whether a change of circumstances had occurred since the February 12, 2010 order designating appellant as the residential parent and legal custodian of G.R.

**{¶34}** After a thorough review of the record, we cannot conclude that the trial court abused its discretion by finding that a change of circumstances had occurred since February 12, 2010. It is true that appellant's move to Maryland was in some respect approved by appellee due to his initial agreement with that arrangement. One could envision a situation where a party would agree to such a move, and then use it as the basis for objection. The trial court should be quite wary of the possibility of one party setting up another party for failure. It is clear, however, that the trial court was aware of that possibility, and we must presume it was factored in accordingly. In light of the foregoing, the trial court acted within its sound discretion in concluding that a change of circumstances had occurred. Consequently, appellant's first assignment of error is overruled.

**{¶35}** As her second assignment of error, appellant alleges:

**{¶36}** "The Trial Court erred by finding that it was in the child's best interests to reallocate custody to Father."

**{¶37}** Under this assigned error, appellant maintains that although the trial court engaged in the best interest analysis, it drew improper conclusions and failed to acknowledge that the presumption exists to retain the custodial parent. To reiterate, this court reviews custody determinations under an abuse of discretion standard.

**{¶38}** The custody modification statute, R.C. 3109.04(F)(1), sets forth a list of the following factors to consider in determining the child's best interests: (a) the wishes of the child's parents; (b) the child's wishes, if applicable; (c) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) the child's adjustment to home, school,

10

and community; (e) the mental and physical health of all persons involved in the situation; (f) the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) whether either parent has failed to make all child support payments; (h) whether either parent or any member of the household of either parent previously has been convicted of certain criminal acts; (i) whether the residential parent has continuously and willfully denied parenting time rights; (j) whether either parent has established a residence, or is planning to establish a residence, outside the state.

{¶39} In its judgment entry, the court specifically made findings regarding the best interest factors enumerated in (a), (c), (d), (e), (f), (i), and (j). The trial court found that both parties properly care for G.R.; both parties have a strong relationship with G.R.; neither party has medical or mental health concerns; appellant was found in contempt of court for failing to comply with parenting time; appellant moved out of state; and if G.R. returns to live with appellee, he will return to the environment in which he was raised.

{¶40} Based on a review of the evidence and the trial court's judgment entry, we cannot say the trial court abused its discretion in finding that it was in the best interest of G.R. to reallocate custody to appellee.

{¶41} Appellant's second assignment of error is without merit.

{¶42} Appellant's third assignment of error states:

{¶43} "The Trial Court Erred by failing to properly weigh the harm of a change in custody would bring to the child [sic]."

11

**{¶44}** Appellant maintains the reallocation of custody from appellant to appellee does not contemplate the harm caused to G.R. Further, appellant argues that G.R. has lived primarily with her his entire life and is thriving in his environment.

**{¶45}** In its entry, the trial court specifically found that the harm likely caused by the change in environment would be outweighed by the advantages of the change in the environment of G.R. R.C. 3109.04(E)(1)(a)(iii). The trial court found that G.R. would return to an area and environment where he had been raised his entire life, and G.R. thrived in this environment. Additionally, G.R. will have a meaningful relationship with his extended family, and appellee has played an active and consistent role in the caring for and raising of G.R.

**{¶46}** In making this finding, we cannot say the trial court abused its discretion.

**{¶47}** Appellant's third assignment of error is without merit.

**{¶48}** The judgment of the Portage County Court of Common Pleas, Juvenile Division, is hereby affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.