[Cite as *Guzzo v. Kercher*, 2013-Ohio-2825.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL GUZZO, | **:** | **O P I N I O N** |
| Plaintiff-Appellant, | **:** | |
| - vs - | **:** | **CASE NO. 2012-L-117** |
| JENNIFER KERCHER, | **:** | |
| Defendant-Appellee. | **:** | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2011CV00652.

Judgment: Affirmed.

*William R. Joherl,* and *Mitchell D. D'Amico,* 7333 Center Street, Mentor, OH 44060 (For Plaintiff-Appellant).

*Randy A. Vermilya*, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Defendant-Appellee).

*John W. Shryock,* John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Michael Guzzo, appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, adopting the magistrate's decision denying his motion to change the surname of the parties' minor daughter. For the reasons discussed below, we affirm.

{¶2} The parties' minor daughter was born on November 30, 2010. The parties were never married. Once paternity was established, appellant filed a complaint to establish parental rights and responsibilities and appellant was granted limited temporary visitation. Appellant filed a motion to change the child's surname from Kercher to Guzzo. The parties subsequently entered into a shared parenting plan, resolving all matters except for the name change.

{¶3} On February 28, 2012, a hearing on the issue of the child's name change was held. The evidence at the hearing established that upon learning appellee was pregnant, appellant sent appellee a text stating he wanted nothing to do with "it" and he never wanted to "see that thing." After the child's birth and parentage was established, however, appellant took active steps to involve himself in the child's upbringing. Appellant and appellee live in different communities. And, pursuant to the parties' agreement, appellee will be the residential parent for purposes of school when the child reaches the appropriate age.

{¶4} Appellant testified that the court should order name change because it would be less evident she was born out of wedlock if the child had his last name, thereby ameliorating potential embarrassment later in life. Appellant further testified that it would be less confusing to the child because his last name will never change; if, however, appellee marries another man, her name would likely change and the child would be left with a surname different than both parents. Appellant also claimed giving the child his last name would create a stronger bond between him and his daughter. And, finally, appellant testified he wanted the child to have his last name based on his "personal selfishness," i.e., he asserted he was proud of her and wanted everyone to know she is his daughter.

{¶5} Appellee testified that, even if she were to marry in the future, she intended on keeping her maiden name and therefore the child would not suffer any confusion in that regard. And, in any event, appellee noted that appellant had a criminal record and she did not wish to have their daughter's name overtly connected with appellant's surname. Appellee further testified she has arranged several college savings plans in the child's name. Appellee also testified that the baby had received certain gifts from appellee's family as well as a baptismal certificate with her full name either printed or embroidered on the items. In appellee's view, these items are not readily replaceable and, even if they could be replaced, the replacements would not hold the same sentimental value.

{¶6} After considering the evidence, the magistrate issued his decision denying appellant's motion. Appellant filed objections to the magistrate's decision, which were later overruled by the trial court. The trial court adopted the magistrate's decision in full. This appeal follows.

{¶7} Appellant assigns the following error for this court's review:

{¶8} "The trial court committed prejudicial error in denying the Plaintiff-Appellant's motion for a name change."

{¶9} An appellate court reviews a trial court's adoption of a magistrate's decision for an abuse of discretion. *See e.g. Fortney v. Willhoite*, 11th Dist. No. 2011-L-120, 2012-Ohio-3024, ¶33. An abuse of discretion is a term of art, connoting a judgment that fails to comport with reason or the record. *See e.g. Janecek v. Marshall*, 11th Dist. No. 2010-L-059, 2011-Ohio-2994, ¶7. Under such a standard, a reviewing court may not substitute its own judgment for that of the trial court. *See e.g. D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743, ¶10.

3

{¶10} "Pursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child." *Bobo v. Jewell*, 38 Ohio St.3d 330 (1988), paragraph one of the syllabus. The Court in *Bobo* set forth the following factors a trial court should consider in assessing the child's best interest in a name-change case involving unmarried parents:

{¶11} the length of time that the child has used a surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest. *Id.* at paragraph two of the syllabus.

{¶12} Further, in *In re Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, the Court added two other specific factors for a trial court to consider; to wit: "whether the child's surname is different from the surname of the child's residential parent" and "parental failure to maintain contact with and support the child." *Id.* at paragraph two of the syllabus. The Supreme Court has emphasized, however, that the foregoing factors are merely guidelines and courts should consider only those that are present in the circumstances of the case before them. *Bobo*, *supra*; *see also D.W.*, *supra*, at ¶13, ¶17. The moving party must present sufficient evidence to affirmatively demonstrate

4

that altering the status quo via a name change is in the child's best interest. *Id.*, citing *In re Change of Name of Halliday*, 11th Dist. No. 2005-G-2629, 2006-Ohio-2646, ¶18.

{¶13} Given the evidence, we conclude the magistrate did not err in ruling appellant failed to produce sufficient evidence that a name change is in the child's best interest. Appellant's argument that the child may suffer embarrassment and confusion if she does not have his name is speculative. First of all, if the child retains appellee's maiden name, it is far from obvious that she will experience shame in the future. Moreover, the possible confusion the child might have if she did not possess appellant's last name is premised upon assumptions that were unsubstantiated; namely, that appellee will get married and such a marriage would eventuate in appellee changing her surname to that of her would-be husband's, something appellee specifically testified would not occur. Accordingly, the hypothetical arguments advanced by appellant were essentially negated by appellee's testimony.

{¶14} Further, while a name change could, at least metaphysically, enhance appellant's bond with the child, altering the status quo could also concomitantly disturb the same bond appellee has with the child. Such a result, without more, does not militate in favor of the child's best interests.

{¶15} Appellant did not testify that changing the name would somehow strengthen the child's identity with a family unit or indicate how he or the child would reap some specific ultimate benefit from the name change. And courts have held that the mere desire for a child to possess a surname is insufficient to establish a name change is in the child's best interests. *In re C.L.T.*, 12th Dist. No. CA2011-04-073, 2012-Ohio-427, ¶32 (father's interest that son carry on family name was insufficient to meet burden in name-change case); *Erin C. v. Christopher R.*, 129 Ohio App.3d 290,

5

293 (6th Dist.1998) (finding an abuse of discretion for the trial court to order name change where the only evidence was father wanted his son to have his surname); *In re Wolfe*, 2d Dist. No. 19136, 2002-Ohio-3277 (finding an abuse of discretion where the trial court ordered a name change when the only relevant evidence was his desire to have the name changed).

{¶16} In this case, even though appellant asserted reasons other than his "selfishness" for requesting the name change, none of the arguments were particularly compelling. The magistrate echoed this point when he observed "though neither [party] has convincing arguments for his or her position, the burden of proof is on [appellant] that the name change is in the child's best interest." In denying the motion, therefore, magistrate concluded that the evidence appellant produced was insufficient to affirmatively show the change of name was in the child's best interests. We conclude this decision comports with the record. We accordingly hold the trial court did not abuse its discretion in adopting the magistrate's decision.

{¶17} Appellant's assignment of error is without merit.

{¶18} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

6