[Cite as *In re K.S.*, 2014-Ohio-1347.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


| | | |
|---|---|---|
| IN RE: | : | **O P I N I O N** |
| K.S. | : | |
| | | **CASE NO.  2013-A-0054** |
| | : | |


Civil Appeal from the Ashtabula County Court of Common Pleas, Juvenile Division, Case No.  11 JI 29.

Judgment:  Reversed and remanded.


*Malcolm Stewart Douglas*, 55 North Chestnut Street, Jefferson, OH 44047 (For Appellant-Alex Sturkie).

*Philip E. Cordova*, Andrews & Pontius, L.L.C., 4817 State Road, # 100, P.O. Box 10, Ashtabula, OH 44005 (For Appellee-Brittany Smith).

*Ariana E. Tarighati*, Law Offices of Ariana E. Tarighati, L.P.A., 34 South Chestnut Street, #100, Jefferson, OH 44047 (Guardian ad litem).


DIANE V. GRENDELL, J.

{¶1}  Appellant, Alexander Sturkie, appeals the judgments of the Ashtabula County Court of Common Pleas, Juvenile Division, overruling his objections to the Magistrate Decision and dismissing his Emergency Motion for Visitation.  The issue to be determined in this case is whether a lower court can dismiss a motion for visitation without discussing its analysis or reasons for the dismissal.  For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On February 11, 2011, Sturkie filed a Motion for Visitation in the Ashtabula County Court of Common Pleas, Juvenile Division, seeking visitation with his daughter, K.S. A guardian ad litem (GAL) was subsequently appointed by the court.

{¶3} On June 13, 2011, a Magistrate Order granted Sturkie visitation for one hour every other week, pending further investigation by the GAL.

{¶4} On August 15, 2011, a Magistrate Order was issued, continuing visitation as previously ordered, and requiring Sturkie to submit to drug testing and provide proof of attendance at anger management classes.

{¶5} On September 23, 2011, a Report of the Guardian Ad Litem was filed. In this report, the GAL concluded that Sturkie should have "limited, supervised visitation" until he addressed potential mental health and/or drug abuse problems.

{¶6} A Magistrate Order was filed on September 23, 2011, ordering, pursuant to the parties' agreement, that K.S.'s mother, Brittany Smith, be permitted to move out of state, that Sturkie complete a psychological evaluation, and that Smith would bring K.S. to Ohio for visitation at Christmas.

{¶7} On March 5, 2012, a Magistrate Order granted Sturkie visitation "at least every third month."

{¶8} Sturkie filed an Emergency Motion for Temporary Custody on July 6, 2012, asserting that he feared for K.S.'s safety and that Smith had cut off contact between him and K.S. He also filed a Motion to Show Cause based on Smith's refusal to allow visitation.

{¶9} On October 18, 2012, a Magistrate Decision dismissed Sturkie's Motions, due to his failure to appear at a hearing to prosecute the Motions. This order was subsequently adopted by the trial court.

2

{¶10} Sturkie filed an Emergency Motion for Visitation on November 13, 2012. Smith filed a Motion in Opposition on December 6, 2012.

{¶11} On February 25, 2013, a Magistrate Order was filed, reappointing the GAL to evaluate the issue of visitation.

{¶12} On March 22, 2013, Smith filed a Motion to Dismiss, noting that the previous Motion for Visitation was dismissed due to failure to prosecute and that the filing of a second motion was part of an "ongoing pattern of harassment."

{¶13} On April 8, 2013, a Judgment Entry was filed, dismissing Sturkie's November 13, 2012 Emergency Motion for Visitation, due to his failure to prosecute the "akin Motion for Visitation."

{¶14} On April 11, 2013, a Magistrate Order was filed, vacating the April 8, 2013 Judgment Entry and allowing Sturkie time to respond to the Motion to Dismiss. The GAL was ordered to file a report indicating her recommendations.

{¶15} On April 23, 2013, the GAL filed a Supplemental Report, outlining her investigation and findings. The Report noted Sturkie's past problems with violence and anger management, and that Smith had a civil protection order against him until 2016. The Report provided analysis regarding the best interest factors under R.C. 3109.04(F)(1). The GAL recommended that Sturkie should have "very limited, supervised visitation, after he has begun addressing some of his mental health issues."

{¶16} Sturkie filed a Memorandum in Opposition to the Motion to Dismiss on April 23, 2013.

{¶17} Also on April 23, 2013, a Magistrate Decision was issued, granting Smith's Motion to Dismiss, "pursuant to the Guardian ad Litem Report * * * and Alexander

Sturkie's Memorandum of Opposition." This Decision was adopted by the court in a May 7, 2013 Judgment Entry.

{¶18} Sturkie filed an Objection to Magistrate Decision on June 4, 2013, noting that the Magistrate "failed to set forth a sufficient and proper basis for her decision." On the same date, Sturkie filed a Request for Findings of Fact and Conclusions of Law.

{¶19} On August 22, 2013, a Judgment Entry was issued, overruling the Objection to Magistrate Decision.

{¶20} Sturkie timely appeals and raises the following assignments of error:

{¶21} "[1.] The trial court committed prejudicial error by granting Defendant-Appellee's Motion to Dismiss.

{¶22} "[2.] The trial court committed prejudicial error by affirming the Magistrate's Decision of April 23, 2013, in the absence of the Requested Findings of Fact and Conclusions of Law."

{¶23} In his first assignment of error, Sturkie argues that the trial court erred in failing to overrule Smith's Motion to Dismiss, given that it did not cite any legal authority for granting the Motion and that he was not given an opportunity to be heard regarding his claim for visitation.

{¶24} Smith argues that the magistrate properly described the basis for the decision by referring to the GAL report and "[i]t is clear that the magistrate had the best interests of the child in mind" in granting the Motion to Dismiss.

{¶25} An appellate court reviews the trial court's adoption of a magistrate's decision for an abuse of discretion. *Guzzo v. Kercher*, 11th Dist. Lake No. 2012-L-117, 2013-Ohio-2825, ¶ 9. An order of visitation issued by a trial court is also reviewed

4

under an abuse of discretion standard.  *Wren v. Tutolo*, 11th Dist. Geauga No. 2012-G-3104, 2013-Ohio-995, ¶ 8.

{¶26}  In the present case, it is difficult to discern from the April 23, 2013 Magistrate Decision the exact basis for granting the Motion to Dismiss.  However, the Order does state that this determination was "pursuant to the Guardian ad Litem Report."  It appears, then, that the magistrate evaluated the merits of the visitation claim based on the GAL Report and determined that visitation was not warranted.  The GAL report contained an analysis of K.S.'s best interests, observations of her behavior, and the GAL's opinion regarding visitation.

{¶27}  Generally, cases involving visitation or parenting time disputes require the court to make a best interest determination.  Pursuant to R.C. 3109.12(A) and (B), "[i]f a child is born to an unmarried woman and if the father of the child has acknowledged the child * * * or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father may file a complaint requesting that the court * * * grant him reasonable parenting time rights with the child[.]  * * *  The court may grant the parenting time rights or companionship or visitation rights * * * if it determines that the granting of the parenting time rights or companionship or visitation rights is in the best interest of the child."  When making such a determination, "the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code."  R.C. 3109.12(B).  Similarly, under R.C. 3109.04(B)(1), a best interest determination must be made when the court is allocating parental rights and responsibilities.  *See also* R.C. 3109.051(A) (requiring a best interest determination when parenting time is awarded in divorce proceedings).

{¶28} Pursuant to the foregoing statutory law, it is necessary for the lower court to consider the best interest of the child prior to a determination regarding visitation in these circumstances. The April 23, 2013 Magistrate Decision makes no finding regarding the best interest factors, whether it considered them, or which factors were applicable in this case. While the magistrate may have relied on the GAL Report to reach a determination, the Decision did not cite specifically which facts in the Report were relevant. Although requested by Sturkie, the court did not issue findings of fact and conclusions of law to help clarify what factors it considered in reaching its judgment. This lack of clarity and the absence of a discussion of the factors considered by the court prevented Sturkie from being able to understand the Magistrate Decision and properly challenge it both through his objections below and on appeal.

{¶29} It is also noteworthy that the GAL Report, relied upon by the court, considered best interest factors under R.C. 3109.04(F)(1), which apply when issuing a "decree allocating parental rights and responsibilities for the care of children," which is not the case in the present matter. *See Reese v. Siwierka*, 11th Dist. Portage No. 2012-P-0053, 2013-Ohio-2830, ¶ 27 ("[p]arental rights and responsibilities" means "the right to ultimate legal and physical control of a child") (citation omitted). Sturkie is seeking only visitation based on his assertions that he is on the child's birth certificate.

{¶30} In similar circumstances, where a best interest finding was required regarding visitation, courts have found that the trial court's failure to show that it had at least considered the appropriate factors necessitates reversal. In *In re P.G.*, 12th Dist. Clermont No. CA2008-12-109, 2009-Ohio-6747, the lower court's decision denying visitation was reversed when the magistrate's decision "did not mention the applicable law in R.C. 3109.12, nor did it appear to consider any of the best interest factors" and

6

the appellate court was unable to ascertain whether the correct law was applied. *Id.* at ¶ 16-17. *See also Jefferson Cty. Child Support Enforcement v. Scheel*, 7th Dist. Jefferson No. 03 JE 35, 2004-Ohio-3210, ¶ 31 (when there was "no indication in the record before this court of precisely what the trial court took into consideration" when determining whether to grant a request for visitation and it failed to determine whether the decision was in the best interest of the child, reversal was warranted).

{¶31} Further, in this case, Sturkie was not given the opportunity to respond to the GAL Report on which the court relied. The magistrate requested a GAL Report prior to issuing its decision. This Supplemental GAL Report was filed on April 23, 2013, the same day that the Magistrate Decision dismissing Sturkie's Emergency Motion for Visitation was filed. Sturkie had no opportunity to address the issues raised in this GAL Report, either through a response or a hearing to present evidence as to the best interest factors. Since it appears the court relied on this Report to render its decision, Sturkie should have, at the very least, been given an opportunity to rebut any of the issues raised by the GAL. *See Bates-Brown v. Brown*, 11th Dist. Trumbull No. 2006-T-0089, 2007-Ohio-5203, ¶ 24 (noting, in the context of proceedings involving the termination of a shared parenting plan, that a court errs when it receives testimony in the form of a guardian ad litem's report, but does not allow the parties to question the contents of the report) (citation omitted).

{¶32} Finally, to the extent that it may be argued that the court granted the Motion to Dismiss based on Sturkie's failure to prosecute a prior motion for visitation, as was argued by Smith below, this lacks merit. Although the Emergency Motion for Visitation was initially dismissed by the court based on the fact that it was "akin" to a prior Motion that was dismissed due to failure to prosecute, this Judgment Entry was

7

vacated and an additional GAL report was requested. Further, when this issue was raised below, Smith cited to no authority for the contention that the dismissal of a request for visitation precludes filing such requests in the future, nor does she argue in the present appeal that dismissal was warranted on these grounds.

{¶33} Based on the foregoing, we reverse the court's dismissal of Sturkie's Emergency Motion for Visitation; since we find that the trial court did not evaluate the necessary factors to deny visitation and that there were no other grounds for dismissal.

{¶34} The first assignment of error is with merit.

{¶35} Given the resolution of the first assignment of error, the second assignment of error, based on the court's failure to comply with the Civil Rules by rendering findings of facts and conclusions of law, is moot.

{¶36} For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas, Juvenile Division, overruling Sturkie's objections to the Magistrate Decision and dismissing his Emergency Motion for Visitation, are reversed and remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.