[Cite as *Musson v. Musson*, 2014-Ohio-5381.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANNA MUSSON, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0113** |
| CHAD MUSSON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2010 DR 264.

Judgment: Affirmed.

*Elise M. Burkey,* Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Plaintiff-Appellee).

*Chad Musson,* pro se, 6350 Alexander Road, Pemberville, OH 43450 (Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Chad Musson appeals from the November 8, 2013 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting a divorce between him and Anna Musson, and naming her the residential parent and legal custodian for the parties' minor child, WJM. Fundamentally, Mr. Musson objects to this custody arrangement. Finding no error, we affirm.

{¶2} The couple met online in June 2008. They became engaged immediately following Thanksgiving Day, 2008, and married February 14, 2009. WJM was born May 18, 2009. Ms. Musson is from Trumbull County; after the marriage, she moved to her husband's home near Toledo, Ohio. In July 2010, Ms. Musson moved out of the marital residence, and returned to her parent's farm in Trumbull County, where she continues to reside. Mr. Musson remains near Toledo.

{¶3} July 27, 2010, Ms. Musson filed a complaint for legal separation in the trial court. October 7, 2010, she moved to convert the action into one for divorce. Mr. Musson answered and counterclaimed January 5, 2011. Attorney Laura Berzonski was appointed guardian ad litem for WJM. Later, she withdrew due to a potential conflict of interest, and was replaced by Attorney Jared Wilson. On Mr. Wilson's motion, the trial court appointed Dr. Robin Tener, Ph.D., to perform a custody evaluation.

{¶4} Throughout the proceedings below, there was considerable conflict regarding WJM. WJM was early diagnosed with deficits regarding his receptive and expressive language development. At the time of trial, WJM alternated weeks between his parent's custody, the exchanges taking place in Middleburg Heights, south of Cleveland. He attended therapists for his speech development in both Toledo, and the Trumbull County area, and pediatricians in both locations. Mr. Musson frequently expressed his belief that Ms. Musson was not paying sufficient attention to their son's speech issue.

{¶5} Trial was had June 4, June 5, and September 17, 2013. October 3, 2013, the trial court filed findings of fact, concluding the parties were incompatible, and finding Ms. Musson should be residential parent and legal custodian for WJM, with Mr. Musson

2

to have liberal visitation, to be arranged by agreement of the parties, but not less than the trial court's standard visitation. The trial court further ordered counsel for the parties to draft and submit proposed final decrees of divorce.

{¶6} Mr. Musson fired his trial counsel, who moved to withdraw October 8, 2013. Therefore, November 8, 2013, the trial court issued its own final decree of divorce. In relevant part, it ordered that Ms. Musson be residential parent and legal custodian for WJM, Mr. Musson being granted liberal visitation to be agreed to by the parties, but not less than the trial court's standard visitation. The trial court further ordered that exchanges of the child were to take place at 7:30 p.m. on Fridays and Sundays in Middleburg Heights, and that any mid-week visitation should take place in Trumbull County.

{¶7} November 19, 2013, Mr. Musson noticed this appeal. He further commenced filing various motions in the trial court. December 17, 2013, he moved this court to remand the matter to the trial court to obtain rulings on his motions. This court granted the remand February 3, 2014. February 13, 2014, the trial court denied all of Mr. Musson's post decree motions.

{¶8} Mr. Musson assigns five errors on appeal. The first reads: "The trial court committed prejudicial error and abused it's (sic) discretion in canceling (sic) and not rescheduling one of two full days of scheduled testimony, despite the prior consensus of both parties and the Court that it would require two full days, effectively denying Chad right to due process." Mr. Musson argues the trial court denied him due process of law by cancelling a day of trial, during which he intended to call witnesses rebutting those of Ms. Musson.

3

{¶9} At the close of the second day of trial in this matter, June 5, 2013, counsel and the trial court conferred regarding what further amount of time might be required to reach conclusion. Dr. Tener, the custody evaluator, was unavailable to testify at the time due to family issues. Counsel and the trial court decided that two more days of trial would probably suffice.

{¶10} Evidently, the matter came on again September 10, 2013. However, the record indicates that instead of further testimony on that date, the parties met in chambers and entered various stipulations. At the opening of testimony September 17, 2013, counsel for Ms. Musson indicated Dr. Tener would be his last witness. Her testimony was heard, and Ms. Musson rested. Counsel for Mr. Musson indicated his only witnesses would be his client, and Shari Carr, one of the speech therapists retained by Ms. Musson. After their testimony, the guardian ad litem was called. At the completion of his testimony, Mr. Musson's counsel was asked by the trial court if he had anything further, and he replied he did not.

{¶11} Mr. Musson was not deprived of due process of law. He was allowed to put on any witnesses he desired, and did so. This assignment of error lacks merit.

{¶12} The second assignment of error reads: "The trial Court committed plain error and abused it's (sic) discretion when it failed to find Anna Musson in Contempt of an Order regarding Pediatric Therapy, without a hearing or a formal defense offered by Anna or Counsel."

{¶13} One of Mr. Musson's post decree motions sought to have Ms. Musson held in contempt for failing to obey a temporary order filed by the trial court January 26, 2012, which directed Ms. Musson to enroll WJM immediately in one of two "center

4

based" programs for speech development, either the Fairhaven School or the Children's Rehabilitation Center, for treatment at least twice a week. Ms. Musson admittedly failed to do this.

{¶14} "A reviewing court must uphold the trial court's decision in a contempt proceeding absent a showing that the court abused its discretion. *Nolan v. Nolan*, 11th Dist. Geauga No. 2007-G-2757, 2008-Ohio-1505, ¶28, citing *Winebrenner v. Winebrenner*, 11th Dist. Lake No. 96-L-033, 1996 Ohio App. LEXIS 5511, *7 (Dec. 6, 1996), citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, * * * (1991)." (Parallel citation omitted.) *Smith v. Smith*, 11th Dist. Geauga No. 2013-G-3126, 2013-Ohio-4101, ¶35.

{¶15} The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶16} In its February 13, 2014 judgment entry on remand, the trial court found that based on the testimony and evidence admitted at trial, WJM was receiving appropriate treatment for his speech development. A review of the transcript of trial shows that *all* of the persons testifying on this issue agreed WJM was making appropriate progress. *All* agreed that Ms. Musson's handling of the situation was appropriate. Consequently, the trial court did not abuse its discretion in failing to find Ms. Musson in contempt, as the record provides no basis for such a finding.

5

{¶17} This assignment of error lacks merit.

{¶18} The third assignment of error reads: "The trial Court committed plain error and abused it's (sic) discretion when it denied the 'Motion to alter Visitation Schedule,' stating that the revised schedule was based on an agreement between parties and past visitation schedule history, without a formal response from Anna or her counsel, or a hearing on the issue."

{¶19} Another post decree motion filed by Mr. Musson sought to have the time for the exchange of WJM between the parties moved from 7:30 p.m., to 6:00 p.m. This complies with the standard visitation order of the trial court, and Mr. Musson contends it was the time the exchanges had generally occurred. The findings of fact filed by the trial court October 3, 2013, did not contain a set time for the exchanges. In its final decree entered November 8, 2013, the trial court found the exchanges had been occurring at 7:30 p.m., and ordered that time to continue. In its February 13, 2014, judgment entry on remand, the trial court indicated the 7:30 p.m. time had existed at certain points in the proceedings, and that it affirmed this time due to the lengthy, post work drives undertaken by both parties to the exchange point in Middleburg Heights.

{¶20} Mr. Musson disputes the exchanges always occurred previously at 7:30 p.m. He further contends the trial court incorrectly found in its November 8, 2013 judgment entry the parties had agreed to a change in the visitation schedule. He contends this proves the trial court had ex parte communications with opposing counsel.

{¶21} None of these arguments has merit. Mr. Musson points to no authority establishing the trial court abused its discretion in choosing 7:30 p.m. as the time for exchanging WJM. He misreads the November 8, 2013 decree when he contends the

6

trial court found the parties had agreed to any change in visitation. What the trial court ordered is:

{¶22} "Father shall have frequent and liberal visitation if it can be arranged by mutual agreement, but in no event, anything less than the standard order of visitation. The only exception shall be that the current arrangement for exchange time and place as described in the above Findings are to remain in effect and midweek Wednesday visits, which if Father wishes to exercise, shall take place in Trumbull County."

{¶23} Thus, the trial court merely ordered the parties to explore fuller visitation rights for Mr. Musson.

{¶24} This assignment of error lacks merit.

{¶25} The fourth assignment of error reads: "The trial court committed prejudicial error and abused it's (sic) discretion in ignoring the issue of child neglect, regarding Anna's long-term failure to comply with the recommendations of pediatric therapists, and frequent changes of therapy providers." Mr. Musson contends that Ms. Musson has failed to seek proper treatment for their son's speech development problem. He further contends the child suffers from various other issues, requiring occupational, behavioral, and physical therapy. This is based on the treatments Mr. Musson had for the child while in his care.

{¶26} There is no evidence in the record that Ms. Musson has neglected her son. There is no competent evidence in the record that WJM suffers any problem other than in speech development.

{¶27} This assignment of error lacks merit.

7

{¶28} The fifth assignment of error reads: "The trial court erred in placing too much credibility on the testimony of Anna Marie Musson, Dr[.] Robin R. Tener, Jared L. Wilson and Laura O. Berzonski."

{¶29} Mr. Musson makes the following assertions:

{¶30} Ms. Musson lied about a medical logbook the parties maintained for WJM. She lied about WJM's therapy while in her care. She lied about her income.

{¶31} Dr. Tener, the custody evaluator, is incompetent. Dr. Tener did not interview enough people.

{¶32} At one point, there was a dispute between the parties whether WJM should have his tonsils removed. Neither of the guardians ad litem, attorneys Berzonski and Wilson, recognized that Ms. Musson's position (that the surgery should occur) was based on a fabricated medical history. Mr. Wilson failed to contact the therapists in Trumbull County.[1]

{¶33} "[T]he highly deferential abuse of discretion standard is particularly appropriate in child custody cases, since the trial judge is in the best position to determine the credibility of the witnesses and there 'may be much that is evident in the parties' demeanor and attitude that does not translate well to the record.' *Wyatt v. Wyatt*, 11th Dist. No. 2004-P-0045, 2005-Ohio-2365, at ¶13. In so doing, a reviewing court is not to weigh the evidence, 'but must ascertain from the record whether there is some competent evidence to sustain the findings of the trial court.' *Clyborn v. Clyborn* (1994), 93 Ohio App.3d 192, 196, * * *. *Weisberg* [*v. Sampson*, 11th Dist. Portage No. 2005-P-0042, 2006-Ohio-3646], at ¶28.

---

1. Various of the Trumbull therapists are listed in Mr. Wilson's report as case contacts. He also reviewed records from certain of them.

8

{¶34} "We also review a trial court's evidentiary rulings under an abuse of discretion standard of review. With respect to evidentiary rulings, "'(t)he trial court has broad discretion in the admission and exclusion of evidence.'" *State v. Bentley*, 11th Dist. No. 2004-P-0053, 2005-Ohio-4648, at ¶19, citing *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, * * *. Thus, "'(a)n appellate court shall not disturb evidentiary rulings absent an abuse of discretion.'" Id. *State v. Montie*, 11th Dist. No. 2006-P-0058, 2007-Ohio-2317, at ¶13." (Parallel citations omitted.) *Bates-Brown v. Brown*, 11th Dist. Trumbull No. 2006-T-0089, 2007-Ohio-5203, ¶19-20.

{¶35} Nothing in the record particularly supports Mr. Musson's assertions against Ms. Musson, Dr. Tener, or either of the guardians ad litem. They are merely assertions. He points to nothing in the record which would cause us to doubt the veracity of these witnesses. The trial court did not err in relying on their testimony.

{¶36} The assignment of error lacks merit.

{¶37} The assignments of error being without merit, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed. It is the further order of this court that all pending motions are hereby overruled.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

9