[Cite as *Musson v. Musson*, 2014-Ohio-5621.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

ANNA MUSSON,                            :          **O P I N I O N**

        Plaintiff-Appellee,          :

        - vs -                              :          **CASE NO. 2014-T-0048**

CHAD MUSSON,                          :

        Defendant-Appellant.       :

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2010 DR 264.

Judgment: Affirmed.

*Elise M. Burkey,* Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Plaintiff-Appellee).

*Chad Musson,* pro se, 6350 Alexander Road, Pemberville, OH 43450 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Chad Musson appeals from the judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling his objections to the decision of the magistrate, which denied, inter alia, his show cause motion against his former wife, Anna Musson. Mr. Musson argues he has been deprived of visitation time with the couple's minor son, WJM, in violation of the couple's divorce decree. He further argues Ms. Musson is guilty of child endangering. Finding no error, we affirm.

{¶2} The couple met online in June 2008. They became engaged immediately following Thanksgiving Day, 2008, and married February 14, 2009. WJM was born May 18, 2009. Ms. Musson is from Trumbull County; after the marriage, she moved to her husband's home near Toledo, Ohio. In July 2010, Ms. Musson moved out of the marital residence, and returned to her parent's farm in Trumbull County, where she continues to reside. Mr. Musson remains near Toledo.

{¶3} July 27, 2010, Ms. Musson filed a complaint for legal separation in the trial court. October 7, 2010, she moved to convert the action into one for divorce. Mr. Musson answered and counterclaimed January 5, 2011.

{¶4} Trial was had June 4, June 5, and September 17, 2013. October 3, 2013, the trial court filed findings of fact, concluding the parties were incompatible, and finding Ms. Musson should be residential parent and legal custodian for WJM, with Mr. Musson to have liberal visitation, to be arranged by agreement of the parties, but not less than the trial court's standard visitation. The trial court further ordered counsel for the parties to draft and submit proposed final decrees of divorce.

{¶5} Mr. Musson fired his trial counsel, who moved to withdraw October 8, 2013. Therefore, November 8, 2013, the trial court issued its final decree of divorce. In relevant part, it ordered that Ms. Musson be residential parent and legal custodian for WJM, Mr. Musson being granted liberal visitation to be agreed to by the parties, but not less than the trial court's standard visitation. The trial court further ordered that exchanges of the child were to take place at 7:30 p.m. on Fridays and Sundays in Middleburg Heights, and that any mid-week visitation should take place in Trumbull County.

**{¶6}** November 19, 2013, Mr. Musson appealed, that being 11th Dist. Trumbull No. 2013-T-0113, 2014-Ohio-5381. February 7, 2014, he filed the show cause motion subject of this appeal, raising two issues. The first concerned whether he was receiving his full allocation of time with WJM. In support, he noted the divorce decree ordered that he receive at least as much visitation as provided for in the trial court's standard order. He then pointed to Section 8(b.) of that order, which provides the noncustodial parent shall receive visitation time commencing at 6:00 p.m. on Thursdays, if the child is not in school Friday. At the time the show cause motion was filed, WJM was enrolled in a preschool program, which, evidently, did not meet Fridays. Therefore, Mr. Musson argued Ms. Musson was in contempt for turning over WJM to him on Fridays, rather than Thursdays.

**{¶7}** Mr. Musson also contended Ms. Musson was guilty of child endangering. This concerned the evening of January 5, 2014, when he was supposed to return WJM to her, while a major blizzard raged, with most roads closed. She filed a police report against him for refusing to drive to their exchange point with WJM.

**{¶8}** Hearing was held before the magistrate April 1, 2014. April 21, 2014, she filed her decision. In relevant part, she ordered that exchanges of WJM for the rest of April and all of May 2014 occur on Thursday evenings, rather than Fridays. She also ordered that summer companionship time, with custody alternating weekly between the parents, commence June 1, 2014. She declined to reach any of the other issues raised by Mr. Musson, deeming them subject of the appeal in Case No. 2013-T-0113.

**{¶9}** April 23, 2014, the trial court adopted the decision of the magistrate. April 29, 2014, Mr. Musson moved the trial court for leave to file objections to the

3

magistrate's decision, along with his objections. May 5, 2014, the trial court filed a nunc pro tunc judgment entry, correcting a clerical error, and again adopting its magistrate's decision. June 10, 2014, the trial court overruled Mr. Musson's objections.

{¶10} Mr. Musson timely noticed this appeal June 13, 2014, assigning two errors. The first is: "The trial court committed prejudicial error and abused it's (sic) discretion by ignoring open defiance of it's (sic) clear and specific orders, and instead ruling that parties 'agreed' to comply with the Court's orders going forward." Mr. Musson presents a single issue for review under this assignment of error: "Did the trial court err in failing to address the clear refusal of Appellee to comply with the prior orders of the Court, and instead characterize the resolution as an 'agreement' between parties to comply with it's (sic) orders going forward?"

{¶11} In support of this assignment of error, Mr. Musson advances the same arguments he did in the trial court: (1) the divorce decree directs he receive no less time with WJM than provided for by the trial court's standard order; (2) the standard order provides he receive his son on Thursdays, not Fridays, when he has no school; (3) WJM is not in preschool on Fridays; (4) Ms. Musson is in contempt for not having brought WJM for exchange on Thursdays, rather than Fridays, for the period between the filing of the divorce decree, and the adoption of the new schedule for April and May 2014 found in the magistrate's April 21, 2014 decision.

{¶12} We review a trial court's decisions regarding whether to adopt, modify, or reject its magistrate's decisions, as well as those regarding visitation, for abuse of discretion. *In re K.S.*, 11th Dist. Ashtabula No. 2013-A-0054, 2014-Ohio-1347, ¶25. The same standard of review applies to its decisions in contempt proceedings. *Augier*

4

*v. Augier*, 11th Dist. Geauga No. 2009-G-2932, 2010-Ohio-279, ¶37.   Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.   *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).  An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact."  *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶13}** First, we must respectfully note our disagreement with the learned magistrate that this issue is subject of the appeal in Case No. 2013-T-0113.  Nothing in that appeal concerns the proper day for exchange of WJM – only the correct time of day.  That being said, we do not find any error in the trial court's failure to hold Ms. Musson in contempt.  When parties are genuinely confused by the provisions of an order regarding visitation, courts of this state have discretion to refuse to find contempt. *See, e.g.*, *Slone v. Slone*, 4th Dist. Pike No. 98CA616, 1999 Ohio App. LEXIS 4323, *8-9 (Sept. 15, 1999).  In this case, the divorce decree provides that Mr. Musson is to have time with WJM at least equal to that set forth in the standard order – but it also provides specifically that weekend exchanges are to occur on Fridays, not Thursdays.  Even if WJM's preschool qualifies as "school" within the meaning of the standard order of the trial court, this could be confusing.

**{¶14}**  The first assignment of error lacks merit.

**{¶15}**  Mr. Musson's second assignment of error is: "The trial court committed prejudicial error and abused it's (sic) discretion by refusing to even hear an issue concerning Child Endangerment due to a 'typo' in a date, despite ignoring multiple

5

Officers of the Court making several more material mistakes." His issue presented for review is: "Did the trial court err in refusing to address an issue of Child Endangerment, due to a wrong date, when multiple Officers of the Court made several more material errors (without consequence)?" This assignment of error refers to his allegation Ms. Musson endangered WJM by insisting (unsuccessfully) that Mr. Musson drive the boy to the couple's exchange point during a blizzard on January 5, 2014. The reference to a "'typo'" relates to the magistrate's passing observation that Mr. Musson's affidavit in support of the show cause motion stated the storm was on January 5, *2013*, rather than January 5, 2014.

{¶16} "Contempt is a disregard of, or disobedience to, an order or command of judicial authority. *State v. Flinn* (1982), 7 Ohio App. 3d 294, * * *." *Slone*, *supra*, at *6. In attempting to insist that Mr. Musson meet her at the designated exchange point for WJM, Ms. Musson did not disobey any court order. Thus, the trial court correctly did not hold her in contempt on this issue.

{¶17} The second assignment of error lacks merit.

{¶18} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.

DIANE V. GRENDELL, J.

THOMAS R. WRIGHT, J.,

concur.

6